82 Mass. App. Ct. 67 (2012)                    67

Doe, Sex Offender Registry Board No. 6904 *v.* Sex Offender Registry Board.

JOHN DOE, SEX OFFENDER REGISTRY BOARD No. 6904 *vs.*
SEX OFFENDER REGISTRY BOARD.

No. 11-P-926.

Essex. March 2, 2012. - June 26, 2012.

Present: KATZMANN, SIKORA, & AGNES, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act.*
*Constitutional Law,* Sex offender, Judicial review. *Due Process of Law,*
Sex offender. *Jurisdiction,* Sex offender, Judicial review of administrative
action. *Practice, Civil,* Sex offender, Review of administrative action.
*Administrative Law,* Judicial review. *Evidence,* Sex offender.

This court was without jurisdiction to decide a constitutional issue raised for
    the first time on appeal from a classification decision of the Sex Offender
    Registry Board. [70-71]
In holding a hearing at which the plaintiff was classified as a level three sex
    offender four years before his release from prison, the Sex Offender Registry
    Board (board) did not act in a manner consistent with the purpose of the
    sex offender registration statute, where the board provided no administra-
    tive justification why the hearing could not be rescheduled until after the
    plaintiff's next parole hearing, and where a motion for reclassification
    would not be reviewed by the board until the plaintiff had remained at
    liberty for more than five years; therefore, this court vacated the order of
    classification and remanded for a new evidentiary hearing. [73-78]
Substantial evidence supported the decision of the Sex Offender Registry
    Board to classify the plaintiff as a level three sex offender, where the
    plaintiff had engaged in repetitive and compulsive behavior indicative of a
    high risk of reoffense and of the degree of dangerousness posed to the
    public; where the plaintiff's offenses demonstrated an increased risk to
    children or other vulnerable populations; where the plaintiff had not had
    time in the community without committing new offenses; and where the
    plaintiff had committed a sexual crime in a public area, indicating a lack of
    impulse control. [78-80]

CIVIL ACTION commenced in the Superior Court Department on
October 15, 2008.

The case was heard by *David A. Lowy,* J., on a motion for
judgment on the pleadings.

*Elizabeth Caddick* for the plaintiff.

*Christopher M. Bova* for the defendant.

KATZMANN, J. The plaintiff, John Doe, appeals from the Superior Court's judgment affirming the decision of the Sex Offender Registry Board (board) to classify him as a level three (high risk) sex offender. He contends that the board erred in holding a final classification evidentiary hearing four years prior to his release. We vacate the classification and remand for a new hearing before the board.

*Background.* 1. *Facts.* Doe was convicted in 1992 on one count of indecent assault and battery on a child under the age of fourteen in violation of G. L. c. 265, § 13B. He was sentenced to the Massachusetts Correctional Institution at Cedar Junction for a term of from seven to ten years, three years to be served and the balance of the sentence suspended with probation for five years. In 2003, he admitted to sufficient facts on one count of open and gross lewdness in violation of G. L. c. 272, § 16, for which he received a continuance without a finding of guilty. In 2005, Doe violated the terms of his probation on the open and gross lewdness charge, which resulted in the revocation of his probation on the 1992 conviction, the imposition of the balance of the sentence on that conviction, and the entry of a finding of guilty on the charge of open and gross lewdness.

On June 4, 2005, the board notified Doe that it was recommending a level three classification. He challenged the board's recommendation and requested a de novo hearing. G. L. c. 6, § 178L(1)(c). On July 22, 2008, the de novo hearing was conducted. Doe moved to reschedule the hearing due to his incarceration both prior to and during the hearing. The hearing officer denied Doe's motion because Doe was scheduled to appear before the parole board in March, 2009, and, if granted parole, Doe would have been eligible for release in August, 2009. After taking evidence, hearing arguments from both parties, and applying the evidence to the statutory and regulatory risk factors, the hearing examiner concluded that Doe posed a risk of reoffense and degree of dangerousness consistent with a level three sex offender.

On October 15, 2008, Doe filed an action for judicial review challenging the hearing examiner's final classification decision. Doe was denied parole in March, 2009, and ultimately was scheduled for release in 2012. On May 27, 2009, Doe filed a

motion for judgment on the pleadings. On September 8, 2009, a Superior Court judge denied the motion, affirmed the board's final classification decision, and dismissed Doe's complaint. The judge found that "the hearing examiner's decision was supported by substantial evidence. [Title 803 Code Mass. Regs. § 1.04(2) (2004)] does not preclude consideration of the open and gross lewdness conviction. Further, there need not be a mandatory status of release before [the board] may conduct a hearing and make a final classification decision." Doe now appeals.

2. *Statutory scheme.* The Legislature enacted the Sex Offender Registry Law to protect the public from the "danger of recidivism posed by sex offenders." St. 1999, c. 74, § 1. The statutory scheme sets forth "a two-step classification process, beginning with initial classification followed by final classification based either on de novo hearing or sex offender's failure to object to initial classification." *Doe, Sex Offender Registry Bd. No. 3974* v. *Sex Offender Registry Bd.*, 457 Mass. 53, 59-60 (2010) (*Doe, No. 3974*), citing *Doe, Sex Offender Registry Bd. No. 3844* v. *Sex Offender Registry Bd.*, 447 Mass. 768, 771-772 (2006) (*Doe, No. 3844*).

> "Once [an initial classification] decision has been reached, the board notifies the offender of the recommendation. The offender then has the option either to accept or to reject the recommendation. If the offender rejects the recommendation, the second stage of the process is triggered. During this second stage, the offender is provided an individualized evidentiary hearing before a hearing examiner. At the hearing, the offender has the opportunity to present relevant evidence bearing on the obligation to register and the recommended classification level. However, the board has the burden to prove by a preponderance of the evidence that the offender has the duty to register and the appropriate level. 803 Code Mass. Regs. § 1.10 (2002). The hearing examiner is not bound by either the recommendation of the board or the classification worksheet completed during the initial review. Instead, the hearing examiner conducts a de novo hearing and makes a final determination regarding the offender's duty to register and the appropriate classification level. The examiner is required

> to issue a written decision containing a statement of the is-
> sues involved in the hearing; a summary of evidence, includ-
> ing credibility determinations; specific findings of fact, if
> appropriate, on all relevant disputed factual matters; rul-
> ings of law on all relevant disputed legal issues; conclu-
> sions drawn from the findings of fact and rulings of law, if
> appropriate; and the final registration determination and
> classification level. 803 Code Mass. Regs. § 1.22(1)
> (2002)."

*Doe, No. 3844, supra* at 772 (footnote omitted).

In determining the classification level, based upon the individual's risk of reoffending and degree of dangerousness, the board is required to consider a variety of factors, aggravating and mitigating, relevant to determining the risk of reoffense and dangerousness. G. L. c. 6, § 178K(1)(*a*)-(*k*). 803 Code Mass. Regs. § 1.40 (2004). A level three classification, the highest level (and the level designated to Doe in this case), is appropriate "[w]here the board determines that the risk of reoffense is high and the degree of dangerousness posed to the public is such that a substantial public safety interest is served by active dissemination." G. L. c. 6, § 178K(2)(*c*), as amended by St. 1999, c. 74, § 2. Pursuant to G. L. c. 6, § 178M, an offender "may seek judicial review . . . of the board's final classification and registration requirements."

*Discussion.* 1. *Constitutional arguments.* In the Superior Court, Doe argued that holding a classification hearing, while he was incarcerated, deprived him of his right to due process under the Fourteenth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights because while incarcerated he could not present evidence required by the board's factors. That argument was rejected by this court in *Doe, Sex Offender Registry Bd. No. 1* v. *Sex Offender Registry Bd.,* 79 Mass. App. Ct. 683, 688-689 (2011) (*Doe, No. 1*), and is not pursued on appeal. Rather, on appeal, Doe makes a different due process argument. He contends that the board violated his right to procedural due process when it held his de novo classification hearing four years prior to his scheduled release date because "the information forming his classification determination will, at the time of his discharge four years hence, be

stale and be missing mitigating information about his rehabilitation, treatment, and stability achieved during those years." We are without jurisdiction to decide the constitutional question as formulated on appeal, but not argued below. As the Supreme Judicial Court has said in a case involving a different board offender:

> "Here, Doe should have filed an original action in the Superior Court, seeking a judicial declaration of the constitutionality of the classification scheme and, in particular, the factors employed by the board in evaluating sex offenders for risk of reoffense and degree of dangerousness posed to the public. By such action, Doe could have received a plenary hearing on the factual and legal bases for his grievance, and the board would have been afforded the opportunity to rebut his contentions."

*Doe, Sex Offender Registry Bd. No. 10800* v. *Sex Offender Registry Bd.*, 459 Mass. 603, 630 (2011) (*Doe, No. 10800*).[1]

2. *Statutory argument.* a. *Background.* After Doe was assigned an initial classification of level three offender by the board, he contested the classification and requested an evidentiary hearing pursuant to G. L. c. 6, § 178L, and 803 Code Mass. Reg. § 1.07(2) (2004). The board scheduled the hearing for July 22, 2008. Doe filed a "Petitioner's motion to re[s]chedule hearing due to extended incarceration before release." The motion sought rescheduling of the hearing to "a date to be determined after his date for release from custody has been established, pursuant to [the board's] regulations." In that motion, he noted that he was denied parole in March, 2008, and that he would not have another hearing until March, 2009. Furthermore, "[i]f somehow he was granted parole in 2009, his

---

[1]On appeal, for the first time, Doe also makes the constitutional argument that the dissemination of his sex offender information while incarcerated is a violation of due process. He further contends that there is no public safety interest in disseminating incarcerated offenders' information as he poses no threat to the community. He also argues that the board has no authority to disseminate information about incarcerated level three offenders, and in doing so violates his due process, as no purpose is served by it and the information could threaten his security while incarcerated. These arguments were not presented below and they are waived. *Doe, No. 3974,* 457 Mass. at 57-58. We are without jurisdiction to consider them. *Doe, No. 10800, supra.*

earliest release from custody date would be in August, 2009." Doe also stated that "[d]ue to the work and program scheduling at the [Massachusetts Correctional Institution at] Gardner . . . , [he] has been ineligible and unable to avail himself [of] sex offender treatment programs within the correctional institution." As a result, he would not be able at the hearing to offer "any evidence as to sex offender treatment from a certified program." In moving that the hearing be rescheduled after his date for release from custody had been established, Doe stated: "The purpose of the statute, as constitutionally sanctioned, is to categorize individuals upon their likelihood of reoffending and their danger to the public; therefore, *by implication the statute applies to and evaluates a person who is living among the public or about to be*" (emphasis added).

At the outset of the hearing on July 22, 2008, Doe's counsel pressed the motion to delay the hearing until a date closer to Doe's release date. Counsel stated:

> "[A] major factor when we go through the hearing whenever that may be, today, tomorrow, three years from now, whenever, is the ability or having done any sex offender treatment. Given his — the length of his sentence, he has not been in a position to be able to do it at least within the prison. . . . [T]hat's something that he would do . . . but later in his sentence. He's basically too early in his sentence to be able to do it."

Counsel also stated that in requesting a rescheduled hearing, he had communicated with the board and was told by a staff member, "oh, heck, it's all scheduled; let's go forward with it anyway." Counsel stated that this was not a "valid answer" because "[w]hatever answer has to be based in law."

Regarding the motion to reschedule, counsel for the board responded without addressing the reasons underlying Doe's motion. He stated:

> "The [b]oard would leave it up to your discretion, Mr. Hearing Examiner. The [b]oard believes the statute calls for registration of incarcerated sex offenders prior to their release. I'm unsure whether or not a specific time period is placed upon whether or not an offender needs to be classified within a certain period of time before his release.

"It's a situation where he's incarcerated. The [b]oard's mandated to classify or finally classify offenders prior to their release. This is exactly what the [b]oard is doing in this hearing today; and for those reasons, we would ask that we go forward with the hearing today."

The hearing examiner ruled as follows:

"Given the fact that the statute requires that all sex offenders be classified prior to their release from incarceration, I don't remember exactly the time, how long prior to as counsel indicated, [ninety] days, I'm asked to conduct this hearing in all institutions, whether that be here or any others, state institutions. *Therefore, the motion [to] reschedule the hearing is denied at this time*" (emphasis added).

The final classification evidentiary hearing then proceeded.

b. *Analysis.* An offender's final classification before his release back into the community is necessary to accomplish the statutory purpose of protecting the public from recidivists. *Doe, No. 1,* 79 Mass. App. Ct. at 688. The board is required to classify incarcerated offenders "before they are released. The board must begin classification proceedings at least sixty days prior to the offender's release, G. L. c. 6, § 178L(1)(*a*), and must classify the offender at least ten days before the offender's earliest possible release date, G. L. c. 6, § 178E(*a*)." *Ibid.*, quoting from *Doe, No. 3974,* 457 Mass. at 60-61. There are no statutory limitations on commencing classification proceedings earlier than the sixty days prior to release.

Under the statute, a sex offender is entitled to an individualized determination whether he is currently dangerous before registration and notification requirements may be imposed. G. L. c. 6, § 178L(1)(*c*). "Public dissemination of information concerning offenders who pose a *current* risk of reoffense is permissible . . . and the board is acting in pursuit of a legitimate governmental purpose when it undertakes to provide hearings to all sex offenders to determine, on an individualized basis, whether an offender does or does not pose such a *current* risk" (emphasis added). *Roe* v. *Attorney Gen.,* 434 Mass. 418, 428 (2001). See *Doe, Sex Offender Registry Bd. No. 8725* v. *Sex Offender*

*Registry Bd.*, 450 Mass. 780, 793 (2008) ("Doe must be granted the hearing he has requested . . . where he will have the opportunity to demonstrate that he neither poses a risk of reoffense nor is a *current* danger to vulnerable members of our communities" [emphasis added]). See also *Doe* v. *Attorney Gen.*, 430 Mass. 155, 168 (1999) (sex offender entitled to "an individualized hearing to determine whether he is a *present* threat to children because of the likelihood that he will reoffend" [emphasis added]). Cf. *Doe, Sex Offender Registry Bd. No. 24341* v. *Sex Offender Registry Bd.*, 74 Mass. App. Ct. 383, 386 (2009) (classification hearing "entail[s] meaningful consideration of [Doe's] claim that he presents no *current* risk of reoffense or threat to the public" [emphasis added]). The board's regulations acknowledge that "the risk to reoffend and the degree of dangerousness posed by a sex offender may increase or decrease over time." 803 Code Mass. Regs. § 1.37C(1) (2004). See 803 Code Mass. Regs. § 1.40, factors 9(a), 22, 24.

General Laws c. 6, § 178L(1)(*a*), provides that "[t]he board shall conduct [the evidentiary] hearing [on the petitioner's challenge to his initial offender classification level] in a *reasonable time* according to the provisions of subsection (2)."[2] In addition to the statute, 803 Code Mass. Regs. § 1.12(1)(b) provides:

---

[2]General Laws c. 6, § 178L(1)(*a*), reads as follows:

"(*a*) Not less than [sixty] days prior to the release or parole of a sex offender from custody or incarceration, the board shall notify the sex offender of his right to submit to the board documentary evidence relative to his risk of reoffense and the degree of dangerousness posed to the public and his duty to register according to the provisions of section 178E. If the sex offender is a juvenile at the time of such notification, notification shall also be mailed to the sex offender's legal guardian or agency having custody of the juvenile in the absence of a legal guardian and his most recent attorney of record. Such sex offender may submit such evidence to the board within [thirty] days of receiving such notice from the board. *Upon a reasonable showing, the board may extend the time in which such sex offender may submit such documentary evidence.* Upon reviewing such evidence, the board shall promptly notify the sex offender of the board's recommended sex offender classification, his duty to register, if any, his right to petition the board to request an evidentiary hearing to challenge such classification and duty, his right to retain counsel to represent him at such hearing and his right to have counsel appointed for him if he is found to be indigent as determined by the board using the standards under chapter 211D . . . . Such sex offender shall petition the board for such hearing within [twenty] days of receiving such notice. *The board shall conduct such hearing in a reasonable time according to the provisions of subsection*

"(1) Rescheduling [p]rior to the [d]ay of the [h]earing. . . . (b) *For good cause shown, the [b]oard may, at the request of the sex offender or his [a]uthorized [r]representative, reschedule the hearing provided that the request is in writing and it is received at least three business days prior to the date of the hearing, or as otherwise practicable as determined by the [b]oard.* . . . If the request for rescheduling is approved, the sex offender shall be notified of the new arrangements in accordance with 803 [Code Mass. Regs. §] 1.06, provided, however, that less than [thirty] calendar days notice of the date of the rescheduled hearing may be given." (Emphasis added.)

In sum, taken together, we interpret the statute and regulations as requiring that, consistent with the statutory purpose of classification according to current risk to reoffend, a final classification evidentiary hearing be held at a reasonable time prior to release from incarceration. See *Entergy Nuclear Generation Co.* v. *Department of Envtl. Protection*, 459 Mass. 319, 329 (2011) ("A statute must be interpreted in such a way as to effectuate the legislative intent underlying its enactment. . . . In cases where the statutory text is not clear, we look to 'the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated' " [citations omitted]). See also *Bednark* v. *Catania Hospitality Group, Inc.*, 78 Mass.

*(2).* The failure timely to petition the board for such hearing shall result in a waiver of such right and the registration requirements, if any, and the board's recommended classification shall become final." (Emphasis added.)

Subsection 2 provides:

"(2) If an offender requests a hearing in accordance with subsection (1), the chair may appoint a member, a panel of three board members or a hearing officer to conduct the hearing, according to the standard rules of adjudicatory procedure or other rules which the board may promulgate, and to determine by a preponderance of evidence such sex offender's duty to register and final classification. The board shall inform offenders requesting a hearing under the provisions of subsection (1) of their right to have counsel appointed if a sex offender is deemed to be indigent as determined by the board using the standards under chapter 211D. If the sex offender does not so request a hearing, the recommended classification and determination of duty to register shall become the board's final classification and determination and shall not be subject to judicial review. All offenders who are juveniles at the time of notification shall be represented by counsel at the hearing."

App. Ct. 806, 812 (2011) ("Where possible, we construe the various provisions of a statute in harmony with one another, recognizing that the Legislature did not intend internal contradiction" [quotation omitted]).

On appeal, Doe contends, as he did below, that holding the hearing four years before his release is unreasonable pursuant to the statute, G. L. 6, § 178L(1)(*a*), and that he was prejudiced by a hearing held so long before his eventual release date. He contends that a hearing closer in time to his release was required so that the board could appropriately determine whether he had availed himself of sex offender treatment while incarcerated and whether he posed a current risk to the public. Doe also argues that the prejudice arising from a premature hearing determination is exacerbated because other than judicial review under G. L. c. 30A, he is not entitled to an evidentiary hearing on possible reclassification. Moreover, as an incarcerated offender, he cannot move for reclassification until he has "remained at liberty for more than five continuous years [since release from incarceration]." 803 Code Mass. Regs. § 1.37C(2)(d)(1). Cf. *Doe, Sex Offender Registry Bd. No. 22351* v. *Sex Offender Registry Bd.*, 81 Mass. App. Ct. 904, 905 (2012) (court did not "reach the question whether the regulation might evince more flexibility than the plaintiff ascribes to it").

The standard of review has been stated thus:

> "Pursuant to G. L. c. 6, § 178M, an offender may seek judicial review of the board's final classification and registration requirements in accordance with the Administrative Procedure Act. See G. L. c. 30A, § 14. We reverse the board's decision if it was '(*a*) [i]n violation of constitutional provisions'; '(*b*) [i]n excess of the statutory authority or jurisdiction' of the board; '(*c*) [b]ased upon an error of law'; '(*d*) [m]ade upon unlawful procedure'; '(*e*) [u]nsupported by substantial evidence'; '(*f*) [u]nwarranted by facts found by the court . . . where the court is constitutionally required to make independent findings of fact'; or '(*g*) [a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.' See G. L. c. 30A, § 14(7). In conducting our review, we 'give due weight to the experience, technical competence, and specialized knowledge' of the board. *Id.*"

*Doe, Sex Offender Registry Bd. No. 151564* v. *Sex Offender Registry Bd.*, 456 Mass. 612, 614-615 (2010) (*Doe, No. 151564*).

Doe is contending that the board's actions, in denying the motion to continue the classification hearing and in making a final classification nearly four years before his release from custody, constitute reversible error. Here, as the evidentiary final classification hearing scheduled for July 22, 2008, drew near, it was undisputed that Doe had been denied parole in March, 2008, that he would not have another hearing until March, 2009, and that if granted parole at that time his earliest release date would be August, 2009.

It is axiomatic that although we give deference to an administrative agency's expertise, we must be presented with the reasons for the board's actions. Here, the board — in denying the motion to reschedule the hearing and proceeding to immediate classification, eight months prior to the next parole hearing, and ultimately four years prior to Doe's scheduled release — identified no basis grounded in statute or regulation, and did not address Doe's staleness claims. We appreciate that the board has an administrative interest in classifying an offender prior to release. Cf. *Doe, No. 3844*, 447 Mass. at 775, quoting from *Mathews* v. *Eldridge*, 424 U.S. 319, 335 (1976) (recognizing "the Government's interest, including . . . the fiscal and administrative burdens [involved]"). In this case, however, the board has provided no administrative justification as to why the final classification hearing could not be rescheduled until after the March, 2009, parole hearing. In the absence of some stated administrative justification, we conclude that denying the motion to move the final classification hearing closer to the date of actual release — and proceeding to classification four years prior to probable release — were not "reasonable" in light of the statutory purpose of classifying offenders according to their current risk to reoffend and dangerousness.

Section 1.37C(2) of 803 Code Mass. Regs. provides that an offender may seek reclassification three years after the final classification. However, where the offender has remained incarcerated, a motion for reclassification will not be reviewed by the board until the offender has remained at liberty for more than five years. *Ibid.* This is the sole mechanism for an offender

to establish his or her reduced risk of dangerousness. As a matter of applied analysis, we conclude that here, where no administrative justification was provided, a procedure imposing a final classification approximately four years old at the time of the offender's release from incarceration, and affording a reclassification no earlier than five years after his release, is inconsistent with the statutory purpose.[3] We thus vacate the order and remand for a new final classification evidentiary hearing. We emphasize that the result we reach is based on the specific facts and circumstances of this case.

A denial of parole is not per se a barrier to scheduling and conducting a final classification hearing. However, in the future, for petitioners making similar claims as were raised here, any motion filed with the board should be accompanied by an affidavit with exhibits in support of the petitioner's claim that a lower classification is appropriate. Cf. Mass.R.Crim.P. 30(c)(3), as amended, 435 Mass. 1501 (2001) (accompanying motion for new trial, "[m]oving parties shall file . . . affidavits . . . . The judge may rule on the issue or issues presented by such motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits").[4]

3. *Sufficiency of the evidence.* While we have remanded this case for a new final classification evidentiary hearing, in the

---

[3]Our analysis of reasonableness and prejudice is also informed by the fact that while a final classification determination implicates the right to an evidentiary hearing, the board's determination of an offender's request for reclassification is made without an evidentiary hearing. 803 Code Mass. Regs. § 1.37C(2)(g). Where the board seeks a higher reclassification of the sex offender on its own initiative due to information indicating an increased risk to reoffend or degree of dangerousness, the offender may request an evidentiary hearing. 803 Code Mass. Regs. § 1.37C(3)(a), (c). Moreover, "[t]he [f]ull [b]oard may deny a motion for reclassification of any sex offender who, at the time of the filing of the motion, is incarcerated or has pending criminal charges." 803 Code Mass. Regs. § 1.37C(2)(b).

[4]It follows from the foregoing analysis that where the board has provided justification in the evidentiary hearing that a final classification should be imposed without delay, the evidentiary hearing can be reopened if a significant period of time has elapsed between the final classification and the offender's scheduled release, on an appropriate showing by affidavit and exhibits of a material change in circumstances impacting the offender's current dangerousness and risk to reoffend.

interest of judicial economy, we review the board's final classification based on the evidence as presented to it on July 22, 2008. Doe asserts that "the mix of evidence would have been materially different had classification occurred at a later time." *Doe, No. 3974*, 457 Mass. at 62. "Successful completion of sex offender treatment may be considered as reducing an offenders risk of reoffense. See 803 Code Mass. Regs. § 1.40(11)." *Doe, No. 151564*, 456 Mass. at 625.[5] It should be noted, "[h]owever, there is nothing in the statute or regulations that requires the board to treat mitigating conditions of release as superseding other aggravating factors." *Doe, No. 3974, supra.*

The board classification decision "may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." *Doe, Sex Offender Registry Bd. No. 10216* v. *Sex Offender Registry Bd.*, 447 Mass. 779, 787 (2006). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Ibid.*, quoting from G. L. c. 30A, § 1(6). Moreover, we give due weight to the technical expertise of the agency. *Ibid.* See G. L. c. 30A, § 14(7).

The hearing examiner considered Doe's offenses as well as the statutory factors. *Doe, Sex Offender Registry Bd. No. 972* v. *Sex Offender Registry Bd.*, 428 Mass. 90, 102 (1998) (requirement that fact finder make "detailed findings to demonstrate that close attention has been given to the evidence" and that appropriateness of classification has been shown). Doe does not dispute that he was convicted of indecent assault and battery on a child under the age of fourteen. He also admits that he engaged in an additional act of sexual misconduct in a public park in Boston in 2003. This behavior is indicative of factor 2, repetitive and compulsive behavior, which is one of the six factors "indicative of high risk of reoffense and degree of dangerous-

---

[5]At the July 22, 2008, hearing, Doe testified that he was not then in a sex offender treatment program, but that he anticipated entrance into the program in the near future. He anticipated that his participation would last "until [his] wrap-up date, 2012." Whether Doe successfully participated in such a program in the years leading up to his release may be a matter for consideration on remand, should the board determine that this is material to his sex offender classification.

ness posed to the public." G. L. c. 6, § 178K(1)(*a*)(i)-(iv). The presence of one or more of the first six factors demonstrates the potentially high risk an offender may pose and lends support to the board's final decision. See *Doe, Sex Offender Registry Bd. No. 1211* v. *Sex Offender Registry Bd.*, 447 Mass. 750, 763-764 (2006); *Doe, Sex Offender Registry Bd. No. 10216* v. *Sex Offender Registry Bd.*, 447 Mass. at 788. The hearing examiner also applied factor 9(c)(12) of the regulations, sexually violent offenses or offenses against children. The board "has determined that the commission of one or more of [the factor 9] offenses, in and of itself, demonstrates an increased risk to children and other vulnerable populations." 803 Code Mass. Regs. § 1.40(9)(c)(12). Additionally, factors 9(a), 9(c)(1), and 16 were applied as risk elevating factors that were indicative of Doe's high risk of reoffense. The hearing officer found that the offender had not had time in the community without committing new offenses and that he had committed a sexual crime in a public area, indicative of a lack of impulse control. These findings are supported by substantial evidence.

We conclude that the June, 2005, recommendation of the board that the petitioner be classified as a level three sex offender stands unless it is revised by the board on the basis of new evidence developed since the initial classification.

The classification is vacated. The matter is remanded to the board for a new hearing.

*So ordered.*