NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-802

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 345593

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his final classification by the Sex Offender Registry Board (board) as a level two sex offender. He argues that the hearing examiner erred by applying factor 2 (repetitive and compulsive behavior), the classification decision was arbitrary and capricious and not supported by substantial evidence, and given his age and physical condition no public safety interest was served by public access to his sex offender registry information. Doe also claims that the hearing examiner abused her discretion in denying his motion to continue the classification hearing to a date closer to his anticipated release date which, in turn, led to a premature final classification in violation of his right to procedural due process. We vacate the judgment.

Background.  We summarize the facts found by the hearing examiner, supplemented where necessary with undisputed facts from the record.  On August 23, 2011, a jury convicted Doe of four counts of rape and abuse of a child under G. L. c. 265 § 23, and two counts of indecent assault and battery on a child under G. L. c. 265 § 13B.  Doe was sentenced to serve two terms of ten to fifteen years in prison, to run concurrently, followed by two ten-year terms of probation, to run concurrently.  The offenses occurred over a five-year period between February 2004 and April 2009.  Doe was between forty-three and forty-eight years old at the time, and the victim was between five and ten years old.  Doe was friendly with the victim's mother and often babysat the victim and regularly visited the family.  The sexual misconduct included fondling of the girl's breasts and vagina and performing oral sex on her.  When the victim disclosed the abuse, Doe admitted to some of the incidents, but maintained that the victim either acquiesced or asked him to engage in sexual conduct with her.

In January 2018, the board notified Doe that it was recommending a level three classification.  Doe challenged that recommendation and requested a de novo hearing, pursuant to G. L. c. 6, § 178L, which was held on March 13, 2019.  At or before the hearing, Doe requested a continuance to a date closer to his release date, which was scheduled to occur in 2023.

2

Alternatively, he requested that the classification decision be made provisionally. The hearing examiner denied that request on the ground that Doe was scheduled to appear before the parole board in August 2019 and, if granted parole, Doe would have been released at that time.[1]

A final decision was issued on May 31, 2019. The hearing examiner concluded that Doe presented a moderate risk of reoffending and a moderate degree of dangerousness and ordered him to register as a level two sex offender. She further concluded that the degree of dangerousness posed to the public was such that public access to Doe's sex offender registry information was warranted.

In reaching her conclusion, the hearing examiner found six risk elevating factors applicable, see 803 Code Mass. Regs. § 1.33 (2016), including factor 2, repetitive and compulsive behavior; factor 3, adult offender with child victim, to which she accorded greater weight; factor 7, extrafamilial victim; factor 12, behavior while incarcerated, which was accorded minimal weight on the ground that the disciplinary reports Doe received were limited in number (seven) and severity; factor 18, extra vulnerable victim; and factor 19, level of physical

---

[1] At oral argument counsel informed the panel that Doe was denied parole in 2019, 2020, and 2021. Doe was released in September 2022.

contact.  The hearing examiner also considered the following six risk mitigating factors, all of which she found applied:  factor 28, supervision by probation; factor 30, advanced age, Doe was fifty-eight at the time of the hearing; factor 31, physical condition, Doe's medical records from the Massachusetts Treatment Center (treatment center) indicated that he was diagnosed with hypertension, skin allergies, stomach problems, knee and back problems, and issues with his prostate (however, given the absence of documentation by a physician that addressed Doe's prognosis or limitations, the hearing examiner gave this factor minimal weight); factor 32, sex offender treatment, to which the hearing examiner accorded minimal weight on the ground that Doe's participation in treatment tapered off after he was transferred to the treatment center in April 2017 and by the fall of 2018, his participation vacillated between acceptable, fair, and unacceptable; factor 33, home situation and support systems, Doe was not married and had no children and while he has three siblings, he is close to only one sister who wrote to the board stating that she and her husband would support Doe upon his release; and factor 34, stability in the community, which was given minimal weight because Doe provided no evidence that he would have residential or employment stability upon his release.  The hearing examiner also considered factor 35, psychological or psychiatric profiles, noting that evaluations

4

of Doe from October 2017 indicated he was at an "average" and "moderate" risk to reoffend, and by August 2018, those scores had not changed.

Doe then sought judicial review of the board's decision in the Superior Court and filed a motion for judgment on the pleadings. The judge denied Doe's motion and, as we previously noted, affirmed the board's decision.

Discussion. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019). Our review of the board's decision is limited, and we will not disturb the board's classification unless "we determine that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 633 (2011). In reviewing the board's decision, we "give due weight to [its] experience, technical competence, and specialized knowledge." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019), quoting Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602 (2013).

1. Application of factor 2. Doe argues, correctly, that the hearing examiner misapplied factor 2 because he did not

5

reoffend after being confronted, discovered, charged, or convicted of a sexual offense. See Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 799 (2022) (Doe No. 22188). The board concedes that factor 2 does not apply in the circumstances presented. When an offender successfully challenges the application of a regulatory factor, we must determine whether "the underlying facts of the case . . . clearly dictate the appropriate classification level" (citation omitted). Id. at 804. If they do not, we then "ask whether the error may have affected the classification and, if so, [we] remand to [the board]." Id.

We conclude that, despite the error, the underlying facts of the case "clearly dictate" that a level two classification is appropriate (citation omitted). Doe No. 22188, 101 Mass. App. Ct. at 804. Doe sexually assaulted and raped a young girl who was not a member of his family "more times than [the victim] could count" over a five-year period. In addition, Doe was not fully participating in sex offender treatment at the time of the hearing, and there was no evidence that Doe would have residential or employment stability upon his release. Given these facts, among others, that support the risk elevating factors applied by the hearing examiner, we are confident that without considering factor 2, Doe was appropriately classified as a level two sex offender.

2.  Substantial evidence.  Next, Doe argues that the decision to classify him as a level two offender is not supported by substantial evidence and was arbitrary and capricious.  He claims that the hearing examiner employed a mechanical, "checklist" approach, rather than conducting a thorough analysis of the applicable regulatory factors.  To the contrary, our review of the record and the detailed classification decision leads us to conclude that the hearing examiner engaged in the required qualitative and objective review that balanced all the relevant risk and mitigating factors.  As noted above, the evidence fully supported the application of the risk factors on which the hearing examiner relied.  The age of the victim, the relationship between Doe, the victim, and her family, Doe's level of contact with the victim, Doe's conduct while incarcerated, and his minimal participation in sex offender treatment were established by clear and convincing evidence.  The hearing examiner further noted that Doe underwent a comprehensive evaluation on October 4, 2017, and was deemed to be "a moderate risk" to reoffend and that "his risk to reoffend sexually has never been deemed 'low' at any time during his participation in sex offender treatment." Additionally, the hearing examiner properly gave minimal weight to the mitigating factor of Doe's physical condition in the absence of relevant documentation of his alleged limitations.

7

Further, Doe also had failed to secure housing or employment at the time of the final classification hearing.  Consequently, the classification decision was not arbitrary and capricious and was supported by substantial evidence.

3.  Public access to Doe's registration information.  Doe also argues that his sex offender registration information should not be made public because the hearing examiner failed to make a specific finding that he posed a danger to the public and, further that public access of his information is not warranted in light of his age (then fifty-eight) and current physical condition.

The board's decision was issued about two months prior to the Supreme Judicial Court's decision in Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643 (2019) (Doe No. 496501).  In that case, the Supreme Judicial Court held, in relevant part, that a hearing examiner must explicitly determine by clear and convincing evidence that a public safety interest is served by Internet publication of the sex offender's registration.  Id. at 656.  However, the court has since noted that where "'the underlying facts of the case . . . so clearly dictate the appropriate classification level,' [the court] [does] not exercise [its] discretion to remand . . . on this element."  Doe, Sex Offender Registry Bd. No. 23656, 483 Mass. 131, 145 (2019) (Doe No. 23656), quoting Doe No. 496501,

8

supra at 657 n.4.  Here, as in Doe No. 23656, although the hearing examiner did not make separate and explicit findings that the public availability of Doe's personal information would serve the public interest, we conclude that the facts of the case so clearly support a level two classification that it is not necessary to remand for further findings.  See Doe No. 23656, supra at 145-146.

As previously discussed, the hearing examiner found that Doe committed multiple sexual offenses against a prepubescent girl, who was not a member of his family.  These facts placed Doe in a high category for risk and danger because they are indicative of having a deviant sexual interest.  Accordingly, the record supports the conclusion that publication of Doe's personal information would serve the interest of public safety.

4.  Due process violation.  Doe also claims that the denial of his motion to continue the de novo hearing was an abuse of discretion and because he was not released until three and one-half years later, the level two classification was based on stale information in violation of the board's regulations and his right to procedural due process.  As noted, Doe's de novo hearing was held on March 13, 2019, the final classification decision was issued on May 31, 2019, a parole hearing was scheduled for August 2019, and Doe was released from the treatment center on September 16, 2022.

9

We turn first to the question whether the denial of Doe's motion to continue was an abuse of discretion. It was not. While there is no question, as Doe asserts, that a final classification hearing must "be held at a reasonable time prior to release from incarceration," Doe, Sex Offender Registry Bd. No. 6904 v. Sex Offender Registry Bd., 82 Mass. App. Ct. 67, 75, (2012) (Doe No. 6904), there is no dispute Doe could have been released as early as August 2019. Thus, Doe's de novo hearing preceded his potential release date by only five months. Compare, for example, Doe No. 6904, where we held that holding a classification hearing eight months before the sex offender's appearance before the parole board was an abuse of discretion. Id. at 77.

Notwithstanding our conclusion that the hearing examiner acted within her discretion in denying Doe's motion, the fact remains that Doe was not released until three and one-half years later. In Doe, Sex Offender Registry Bd. No. 7083 v. Sex Offender Registry Bd., 472 Mass. 475, 478 (2015) (Doe No. 7083), the Supreme Judicial Court concluded that holding a classification hearing ten months before the plaintiff's earliest parole eligibility date and eighteen months before their earliest possible release date from the treatment center violated the plaintiff's right to procedural due process because of the risk that the classification decision was based on

10

"stale" information.  In reliance on Doe No. 7083, Doe contends that the classification decision must be vacated, and the matter remanded to the board for a new hearing.  We acknowledge, as Doe asserts, that a final classification must be based on an evaluation of the offender's risk of reoffense at a time reasonably close to the actual date of release.  See Doe No. 6904, 82 Mass. App. Ct. at 75.  This did not happen here and, consequently, Doe's due process rights were not protected.

The board concedes that Doe's procedural due process rights were violated but argues that the classification decision should not be vacated because Doe is currently eligible to petition the board for reclassification.[2]  Although in such a proceeding, Doe would bear the burden of producing evidence that circumstances had changed, "the bar for showing changed circumstances is 'very low' and . . . the mere passage of time generally qualifies." Doe, Sex Offender Registry Bd. No. 6969 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 533, 541 n.7 (2021).  "Once Doe has met his burden, the board would bear the burden of persuasion -- based on 'clear and convincing evidence' -- 'that the classification is current and correct'" (citation omitted).

---

[2] In 2016, one year after the court's decision in Doe No. 7083, was issued, the board promulgated 803 Code Mass. Regs. § 1.31 (2016), which gives offenders who have been finally classified as a level two or three sex offender the right to petition the board for reclassification three years after the initial classification as long as certain conditions are met.

11

Doe, Sex Offender Registry Bd. No. 22164 v. Sex Offender Registry Bd., 103 Mass. App. Ct. 431, 433 (2023). Thus, as the board observes, Doe has a remedy nearly equal to the one he seeks through this appeal. The problem is that Doe does not want this remedy. In response to the panel's questions at oral argument, counsel made clear that "[vacating] is our preferable course." We are not in a position to force Doe to choose one remedy over the other. Accordingly, the judgment is vacated, and a new judgment shall enter vacating the decision of the board and remanding the matter to the board for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Vuono, Singh & Englander, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered: December 20, 2023.

---

[3] The panelists are listed in order of seniority.

12