NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-848                                        Appeals Court

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 203108  vs.  SEX
                OFFENDER REGISTRY BOARD.


                        No. 13-P-848.

        Suffolk.     November 5, 2014. - May 5, 2015.

        Present:  Cypher, Fecteau, & Massing, JJ.

Sex Offender.  Sex Offender Registration and Community
     Notification Act.  Administrative Law, Hearing, Substantial
     evidence.  Practice, Civil, Waiver.  Waiver.



     Civil action commenced in the Superior Court Department on
July 24, 2009.

     The case was heard by Heidi E. Brieger, J., on a motion for
judgment on the pleadings.


     Inna Landsman for the plaintiff.
     Patrick M. Grogan for the defendant.


     CYPHER, J.  In Doe, Sex Offender Registry Bd. No. 6904 v.

Sex Offender Registry Bd., 82 Mass. App. Ct. 67, 75 (2012) (Doe

No. 6904), we held that for the Sex Offender Registry Board

(board) to carry out its statutory duty to classify incarcerated

sex offenders according to their "current risk to reoffend," the board must conduct its classification proceedings "at a reasonable time prior to release from incarceration."  In this appeal, Doe No. 203108 (Doe) claims that his classification hearing, held some seven months before his earliest possible release date (if parole were granted, December, 2009) and approximately twenty months before his ultimate release (in January, 2011) was unreasonably premature.  In these circumstances -- and because Doe did not raise this issue before the board but rather raised the claim for the first time during judicial review under G. L. c. 30A, § 14, of the final agency determination, eight months after his release -- we conclude that the board did not act unreasonably.  Accordingly, we affirm the Superior Court's judgment affirming the board's designation of Doe as a level three sex offender.

Background.  Doe's obligation to register as a sex offender arises from two convictions of statutory rape, G. L. c. 265, § 23, involving a first victim, and from one conviction of assault with intent to commit rape, G. L. c. 265, § 24, involving a second victim.  The statutory rape convictions are based on two separate incidents with a thirteen year old girl when Doe was eighteen.  The assault with intent to rape conviction arises out of an incident with a twenty-one year old

woman when Doe was nineteen. He pleaded guilty to all of the above charges on January 18, 2008.[1]

Doe received concurrent State prison sentences of four to six years with respect to the two statutory rape convictions and a term of five years' probation, commencing upon his release from prison, with respect to the assault with intent to rape conviction. At the time the guilty pleas were entered and the sentences imposed, Doe received 977 days of jail-time credit. Accordingly, he was first eligible for parole in January, 2009, but was denied parole in February, 2009, with the opportunity to apply for reconsideration in ninety days.

Classification proceedings. On March 13, 2008, the board notified Doe of his obligation to register as a sex offender, his preliminary classification as a level three sex offender, and his right to request a hearing to contest his preliminary classification. On March 22, 2008, Doe requested a hearing and the appointment of counsel to represent him.

On June 25, 2008, the board sent notice to Doe's newly appointed counsel that the final classification hearing would be held at the Massachusetts Correctional Institution at Concord on

---

[1] He was later tried on charges of forcible rape of a child, G. L. c. 265, § 22A, and assault and battery, G. L. c. 265, § 13A(a), involving a third victim, a fourteen year old girl, during the same general time period. Although a jury acquitted him of these charges, the hearing examiner took the complainant's allegations into account in the final classification decision.

November 17, 2008. For reasons that do not appear in the record, the hearing was rescheduled for January 29, 2009, to be held at the Massachusetts Treatment Center (Treatment Center). Again, for reasons that do not appear on the record, the hearing was rescheduled for May 8, 2009, via video conference at Old Colony Correctional Center. The hearing was ultimately held on that date, but at the Treatment Center.

At the hearing, and in his written submissions following the hearing, Doe argued that he was young when he committed the crimes that required him to register as a sex offender and that he had matured in prison. As evidence tending to minimize his risk to reoffend, Doe informed the hearing examiner that he had requested to be transferred to the Treatment Center in July, 2008, so that he could participate in sex offender treatment. At the time of the hearing he had completed the first three levels of the four-level treatment program and was currently enrolled in the fourth level. He submitted a report from a treatment program instructor commenting favorably on his participation in the program. Arguing that the board's evidence did not support a level three sex offender classification, Doe requested a designation no greater than a level one or level two and that public dissemination of his registration information be prohibited.

At the end of the hearing, Doe's counsel requested twenty-one days to submit a request for findings of fact and rulings of law. The hearing examiner asked when Doe would next be eligible for a parole hearing. Doe stated that he had been denied parole in February, 2009, but had been offered an opportunity to request reconsideration ninety days later. Doe's counsel stated that if Doe were granted parole, his earliest possible release date would be December, 2009. His next regularly scheduled parole hearing date was February, 2010. In the absence of parole, the expected release date at the time of the hearing examiner's decision was November, 2010.

In a written decision dated July 10, 2009, the hearing examiner concluded that a level three designation was appropriate. Doe timely filed a complaint in Superior Court, under G. L. c. 30A, § 14, for judicial review of his classification. He filed a motion for judgment on the pleadings on September 29, 2011. In addition to challenging the classification on the ground that the board did not submit expert testimony in support of the classification, Doe argued for the first time that scheduling his classification hearing "in the middle of his incarceration, two years before his anticipated release date while he was in the middle of sex offender treatment was arbitrary and capricious." The Superior

Court summarily affirmed the board's classification decision on January 2, 2013.

Sometime between the date of the board's final classification decision and the date Doe filed his motion for judgment on the pleadings in Superior Court, Doe was released from prison. The record does not establish the exact date when Doe was released. In his appellate brief, he contends that the classification hearing was held "about a year and a half before his release date." The board's brief states, "He was actually released and began registering as a level three sex offender in January 2011." For purposes of discussion in this opinion, we will assume the release date to be the date represented by the board, which places the hearing (May 8, 2009) approximately twenty months before his actual release (January, 2011) -- which, for the purposes of Doe's claim on appeal, is more advantageous to him than his conservative estimate of eighteen months.

Discussion. In Doe No. 6904, 82 Mass. App. Ct. at 69-70, 73-75 & n.2, we described in detail the board's two-step classification process. Pertinent to this appeal, we summarized the provisions in the board's governing statutes that dictate when classification proceedings must be initiated and when the board must issue its final classification as follows:

> "An offender's final classification before his release back into the community is necessary to accomplish the statutory purpose of protecting the public from recidivists. Doe, [Sex Offender Registry Bd.] No. 1 [v. Sex Offender Registry Bd.], 79 Mass. App. Ct. [683,] 688 [(2011)]. The board is required to classify incarcerated offenders 'before they are released. The board must begin classification proceedings at least sixty days prior to the offender's release, G. L. c. 6, § 178L(1)(a), and must classify the offender at least ten days before the offender's earliest possible release date, G. L. c. 6, § 178E(a).' Ibid., quoting from Doe, [Sex Offender Registry Bd.] No. 3974 [v. Sex Offender Registry Bd.], 457 Mass. [53,] 60-61 [(2010)]. There are no statutory limitations on commencing classification proceedings earlier than the sixty days prior to release."

Doe No. 6904, supra at 73.

In Doe No. 6904, the offender's classification hearing was conducted on July 22, 2008. Id. at 68. At the time, he was scheduled for a parole hearing in March, 2009, and if granted parole, he would have been eligible for release in August, 2009. Ibid. Prior to the scheduled hearing date in that case, the plaintiff made a written request for the board to reschedule his classification hearing to a later date to be determined, a date after parole had been granted but before his actual release. Id. at 71-72. He reiterated this request at the hearing. Id. at 72. He explained that his custodial status had prevented him from participating in any sex offender treatment programs and argued that postponement of the hearing would give him an opportunity to enroll in a treatment program and demonstrate a lower likelihood of reoffending. Id. at 72, 76. The hearing

examiner denied his request and proceeded to classify him as a level three offender.  Id. at 68, 72-73.

Considering the board's statutes and regulations, we concluded that, "consistent with the statutory purpose of classification according to current risk to reoffend, a final classification evidentiary hearing [must] be held at a reasonable time prior to release from incarceration" (emphasis supplied).  Id. at 75.  Because "the board ha[d] provided no administrative justification as to why the final classification hearing could not be rescheduled until after the March, 2009, parole hearing" eight months later, and the record established that his earliest possible release date was thirteen months later, we concluded that denying the motion to postpone the hearing was not reasonable.  Id. at 77.

The board is required by statute to classify incarcerated offenders ten days before their earliest possible release date. This procedure does not violate the substantive or procedural due process rights of incarcerated offenders, even though it may prevent them from establishing certain mitigating factors in the board's regulations that relate only to released offenders. Doe, Sex Offender Registry Bd. No. 1 v. Sex Offender Registry Bd., 79 Mass. App. Ct. at 687-690.  Further, the board is required to begin classification proceedings at least sixty days prior to the offender's release, id. at 688, and nothing in the

statute prevents the board from beginning classification proceedings earlier, Doe No. 6904, 82 Mass. App. Ct. at 73.

Indeed, to comply with its statutory duty of classifying offenders before they are released into the community, the board must begin proceedings sufficiently in advance of the offender's release date to ensure that the offender is afforded his due process protections.

> "[A] sex offender is . . . entitled by statute to request an evidentiary hearing to challenge the board's recommended classification, to be represented by counsel at that hearing and to have counsel appointed if he is indigent, and to put the board to its burden to prove the appropriateness of its recommended classification by a preponderance of the evidence."

Doe, Sex Offender Registry Bd. No. 941 v. Sex Offender Registry Bd., 460 Mass. 336, 339 (2011) (Doe No. 941). See G. L. c. 6, § 178L. At the evidentiary hearing, the offender "has the right to present evidence and cross-examine witnesses, . . . after which the hearing examiner must make 'specific, written, detailed, and individualized findings' supporting the board's final classification." Doe No. 941, 460 Mass. at 338, quoting from and citing Doe, Sex Offender Registry Bd. No. 972 v. Sex Offender Registry Bd., 428 Mass. 90, 91, 98, 102-104 (1998).

To ensure that the offender's rights to notice, a hearing, and representation by counsel are honored may require more than sixty days, the minimum time required by statute for the board to commence classification proceedings. In this case, for

example, the board first informed Doe of his obligation to register, and its preliminary classification, on March 13, 2008. Doe promptly requested representation by the Committee for Public Counsel Services (CPCS). The record does not establish exactly when counsel was appointed, but the board issued its first notice to appointed counsel on June 25, 2008, slightly more than three months after Doe's request, indicating reasonably prompt action by CPCS and the board. After two continuances, the hearing was ultimately held nearly fourteen months after the initial notice of the obligation to register and preliminary classification.

At the hearing before the examiner, unlike in Doe No. 6904, Doe did not ask for a further continuance or argue that the hearing was premature. Nor was he foreclosed from offering evidence that he had been participating in sex offender treatment. To the contrary, he argued that he had specifically sought a transfer to a different facility so that he could participate in sex offender treatment. He had progressed into the last level of the four-level program, and one of his instructors indicated he had achieved class goals "at an exceptional level." When the subject of Doe's release date was raised -- in the context of counsel's request for twenty-one days to file requested findings of fact or rulings of law -- counsel represented that, if Doe were paroled, his earliest

possible release date would be December, 2009, just seven months later.

In the Superior Court, Doe argued for the first time that his hearing date, while he was still incarcerated, was scheduled prematurely because it denied him an opportunity to further rehabilitate himself by completing sex offender treatment.  He did not seek to offer any supplemental evidence of further rehabilitation, as he was permitted to do under G. L. c. 30A, § 14(6).  See Doe, Sex Offender Registry Board No. 15606 v. Sex Offender Registry Board, 452 Mass. 784, 795 (2008) (Doe No. 15606).  Under these circumstances, the Superior Court had no basis to conclude that the hearing date was, as a matter of law, unreasonably premature.

In Doe No. 6904, the petitioner made a clear record before the hearing examiner why his hearing should be postponed, and the board offered no administrative justification for denying the request.  Here, because Doe did not object or seek a continuance, the board had no reason to offer any justification for proceeding.  In Doe No. 6904, the result of the board's action was that the offender's classification was based on his characteristics four years before his eventual release.  Here, the timing of Doe's hearing resulted in a classification based on facts as they stood approximately twenty months before his release, which we cannot say is unreasonable per se.

In support of his claim that he was prejudiced by an unreasonably premature hearing, Doe notes that the hearing examiner stated in her classification decision, "It is too soon to tell whether he has sufficiently internalized treatment concepts, in light of less than a year in treatment, such to sufficiently avoid reoffense once released, especially when balanced against his exhibition of violence and history of lawlessness." Even if Doe had had additional time to create a better record on this factor, however, it is not clear that it would have affected his classification.

Here, the hearing examiner imposed a level three classification based on three "high risk" factors and twelve[2] risk-elevating factors. See G. L. c. 6, § 178K; 803 Code Mass. Regs. § 1.40 (2002). She also gave Doe credit for three risk-mitigating factors: his active participation in sex offender treatment, his acceptance of responsibility for his behavior, and the fact that he would be released to a term of probation. "However, there is nothing in the statute or regulations that requires the board to treat mitigating conditions of release as superseding other aggravating factors." Doe, Sex Offender Registry Bd. No. 3974 v. Sex Offender Registry Bd., 457 Mass. 53, 62 (2010) (Doe No. 3974). The record strongly suggests that

_____

[2] Doe contests the continued validity of two of these twelve factors. See infra.

the hearing examiner's conclusions would have been the same, and would have been supported by "substantial evidence," G. L. c. 30A, § 14(7)(e), as appearing in St. 1973, c. 1114, § 3, even if Doe had had an opportunity to complete the treatment program before the hearing. See ibid. See also Doe No. 15606, 452 Mass. at 795 (Superior Court judge did not abuse discretion in denying motion to present supplemental evidence where "plaintiff had not made a 'substantial showing' that further evidence of the plaintiff's progress would have added anything to the hearing examiner's conclusion").[3]

As the hearing examiner was operating under the possibility that Doe's earliest possible release date might be only seven months off, and as Doe did not ask for a postponement, we cannot state, as a matter of law, that the board acted unreasonably.[4]

---

[3] The Commonwealth points out in its brief that here, unlike the situation of the offender in Doe No. 6904, because of a recent revision in the regulations the plaintiff is now entitled to request a reclassification and a new hearing at which he may submit new and updated information. See 803 Code Mass. Regs. § 1.37 (2013) (permitting reclassification request three years after final classification).

[4] We reiterate, as we stated in Doe No. 6904, that petitioners who believe that their classification hearing is being held unreasonably long before their release date should file a motion, accompanied by an affidavit and appropriate supporting materials, in support of their request to continue the hearing. Such a motion will alert the board to the issue and provide the board an opportunity to postpone the hearing or justify its decision to proceed with the final classification proceedings. As pointed out in Doe No. 6904, 82 Mass. App. Ct. at 78 & n.4, where significant delay has already occurred

Other issues. Doe also claims that the hearing examiner improperly relied on hearsay contained in the police report regarding the alleged rape of which Doe was acquitted.[5] However, Doe did not object to the consideration of this evidence either at the hearing or before the Superior Court. Accordingly, the argument is waived. Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 810 (2006).

In addition, Doe argues that two of the risk-elevating factors in the board's regulations violate due process and are arbitrary and capricious because they are based on outdated and erroneous science. Again, he raised these arguments for the first time on appeal. Because the plaintiff did not file an action for declaratory relief in the Superior Court, insofar as he argues that these parts of the regulations are invalid, we are without jurisdiction to entertain the arguments. Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 630-631 (2011). Insofar as he argues that the application of these factors in determining his classification was arbitrary and capricious, the claims are waived because they were not raised below. See Smith v. Sex Offender Registry Bd.,

---

between the final classification and the offender's scheduled release, a hearing may also be reopened upon proper showing.

[5] See note 1, supra.

65 Mass. App. Ct. at 810.  See also <u>Doe No. 3974</u>, 457 Mass. at 57-58.

<u>Judgment affirmed</u>.