NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-848                                           Appeals Court


     JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 203108  vs.  SEX
                    OFFENDER REGISTRY BOARD.



          No. 13-P-848.        January 29, 2016.



Sex Offender.  Sex Offender Registration and Community
     Notification Act.  Constitutional Law, Sex offender.  Due
     Process of Law, Sex offender, Hearing, Standard of proof.
     Practice, Civil, Sex offender, Standard of proof.
     Administrative Law, Hearing, Standard of proof.  Internet.


     In our decision dated May 5, 2015, we affirmed a judgment
of the Superior Court issued under G. L. c. 30A, § 14, affirming
the administrative decision of the Sex Offender Registry Board
(board) designating Doe No. 203108 (Doe) as a level three sex
offender.  See Doe, Sex Offender Registry Bd. No. 203108 v. Sex
Offender Registry Bd., 87 Mass. App. Ct. 313 (2015) (Doe No.
203108).  Doe timely filed a petition for further appellate
review (FAR) on May 18, 2015.

     On December 22, 2015, the Supreme Judicial Court denied
Doe's FAR application without prejudice and remanded the case to
this court for further consideration in light of two recent
decisions, Doe, Sex Offender Registry Bd. No. 7083 v. Sex
Offender Registry Bd., 472 Mass. 475 (2015) (Doe No. 7083), and
Doe, Sex Offender Registry Bd. No. 3839 v. Sex Offender Registry
Bd., 472 Mass. 492 (2015) (Doe No. 3839).  473 Mass. 1106
(2015).  Although we conclude that neither of those decisions
requires us to alter our decision in Doe No. 203108, Doe is
nonetheless entitled to a new classification hearing in light of
Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender
Registry Bd., 473 Mass. 297 (2015) (Doe No. 380316).

In this case, Doe's classification hearing was held twenty months before his eventual release date, but just seven months before his earliest possible release date. (He had recently been denied parole, but the parole board offered him an opportunity to request reconsideration ninety days after the denial). Unlike the plaintiff in Doe No. 7083, at the time of his classification hearing Doe was not also civilly committed as a sexually dangerous person (SDP), making release on parole unlikely because of the need to obtain a Superior Court order of discharge. See Doe No. 7083, supra at 487 & n.11. Moreover, unlike the plaintiff in Doe No. 7083, Doe did not request a further continuance of his classification hearing date or ask the board to keep his classification proceeding open until immediately prior to his actual release. See id. at 480-481.

In Doe No. 3839, the board held the classification hearing more than three years before the plaintiff's eventual discharge date. Doe No. 3839, supra at 494-495, 501. At the time of the hearing, the plaintiff was civilly committed as an SDP, but after three additional years of treatment, he was found to be no longer sexually dangerous and was discharged into the community. Ibid. In this case, Doe's hearing was held twenty months prior to his eventual release, in contrast to being held thirty-eight months prematurely in Doe No. 3839, and the record does not disclose any changed circumstances comparable to those present in Doe No. 3839. Accordingly, we adhere to our decision in Doe No. 203108, supra at 319-320, that Doe's hearing was not so unreasonably premature as to violate due process or amount to an abuse of the board's discretion, especially in the absence of any request for a continuance.

Nonetheless, in Doe No. 380316, supra at 300, the Supreme Judicial Court held that the board is required to make its classification decisions based on clear and convincing evidence as opposed to a preponderance of the evidence. "Because our decision is a new constitutional rule," the court noted, "the higher standard should be applied retroactively only to classification proceedings pending before [the board], the Superior Court, or the appellate courts on the date of the issuance of the rescript in this case." Id. at 314 n.26. In the case before us, Doe's FAR application was pending on December 11, 2015, when Doe No. 380316 was decided. Therefore, Doe is entitled to a new classification hearing. Moreover, his reclassification must be based on his current circumstances at the time of the new hearing. See Doe No. 7083, supra at 481-482. Both Doe and the board may present new evidence relevant to his then-current risk of reoffense. See id. at 490.

Accordingly, the Superior Court's judgment affirming the board's designation of Doe as a level three sex offender is vacated.  We remand the matter to the Superior Court for entry of an order requiring the board to conduct a new evidentiary hearing and to cease disseminating Doe's registry information on the Internet during the pendency of the proceedings.  See Doe No. 380316, supra at 315-316.

                         So ordered.


     Inna Landsman for the plaintiff.
     Patrick M. Grogan for the defendant.