NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-842

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 98921

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (board) as a level three sex offender.  He contends that the board's classification decision was both arbitrary and capricious and not supported by substantial evidence because the hearing examiner misapplied three risk-elevating factors and one risk-mitigating factor.  He further contends that the board erroneously ordered the public dissemination of his biographical information without properly weighing his liberty and privacy interests against the public's interest in accessing that information.  We affirm.

1. *Evidence supporting level three classification*. The plaintiff was initially classified as a level two sex offender in 2005 after, having been charged with rape and abuse of a child under sixteen, he pleaded guilty to an amended charge of indecent assault and battery on a child under fourteen. The hearing examiner properly found that the offense involved penetration of the thirteen year old victim's vagina (the plaintiff was nineteen). See Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 656 (2019) (Doe No. 496501) (in determining whether risk of reoffense, dangerousness, and need for Internet publication "have been established by clear and convincing evidence, a hearing examiner may consider subsidiary facts that have been proved by a preponderance of the evidence"); Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) ("hearsay evidence may be admissible if it bears sufficient indicia of reliability").

For several years in the 2010s, the plaintiff repeatedly sexually assaulted his stepdaughter; she was between the ages of six and eleven or twelve when the abuse occurred. Although he pleaded guilty to three counts of indecent assault and battery on a child under fourteen, the hearing examiner properly found that the offense involved penetration of the victim's vagina and anus.

In addition, in 2013, the plaintiff pleaded guilty to assault and battery after his girlfriend reported that he had barricaded her in a room, strangled and suffocated her, and refused to let her leave until she admitted she was having an affair with a coworker. In 2004, 2013, and 2021, the plaintiff had abuse prevention orders entered against him involving two different women. He was convicted of failure to register as a sex offender in 2005 and 2014. He was found to have violated the terms of his probation in March 2007 and December 2014.

Considering these facts and the mitigating circumstances discussed below, in 2021 a hearing examiner found that the plaintiff posed a high risk of reoffense and a high degree of dangerousness, and that active dissemination and Internet publication of his sex offender registry information would serve a substantial public safety interest. Accordingly, the board ordered that the plaintiff register as a level three sex offender.

2. Challenge to classification decision. "A reviewing court may set aside or modify [the board]'s classification decision where it determines that the decision is in excess of [the board]'s statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe No. 496501, 482 Mass. at 649, citing G. L. c. 30A, § 14 (7). "Substantial

3

evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011), quoting G. L. c. 30A, § 1 (6). "We give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted). Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015).

"[A] hearing examiner's decision must show that the classification is based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex" (quotation and citation omitted). Doe, Sex Offender Registry Bd. No. 11204 v. Sex Offender Registry Bd., 97 Mass. App. Ct. 564, 574 (2020) (Doe No. 11204). The decision must reflect "reasoned analysis," not merely "a perfunctory effort based on a tally sheet of aggravating and mitigating factors, concluding in the end simply that the former outweighed the latter." Id. at 575-576.

The plaintiff argues that the hearing examiner in this case took the same "checklist approach" that was rejected in Doe No. 11204, citing sections of the hearing examiner's decision analyzing his risk of reoffense and degree of dangerousness. Viewed within the context of the hearing examiner's entire

4

decision, however, these sections follow a detailed discussion of the plaintiff's past offenses, with rigorous evaluation and weighing of the applicable statutory and regulatory factors. See 803 Code Mass. Regs. § 1.33 (2016);[1] Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 105 (2014) ("[board] is required to consider a list of statutory factors in making its classification determinations"). Based on the facts summarized above, the hearing examiner found that two high-risk factors[2] and eight risk-elevating factors[3] applied. In addition, the hearing examiner considered a strongly worded victim impact statement written by the mother of

---

[1] "Title 803 Code Mass. Regs. §§ 1.00 was recently amended, effective April 25, 2025. We refer to the version of the regulations in effect at the time of the hearing examiner's decision." Doe, Sex Offender Registry Bd. No. 528042 v. Sex Offender Registry Bd., 496 Mass. 437, 440 n.3 (2025).

[2] See 803 Code Mass. Regs. § 1.33(2) (repetitive and compulsive behavior, factor applied with increased weight); § 1.33(3) (adult offender with child victim, factor applied with increased weight).

[3] See 803 Code Mass. Regs. § 1.33(7) (relationship between sex offender and victim, factor applied); § 1.33(10) (contact with criminal justice system, factor applied); § 1.33(11) (violence unrelated to sexual assaults, factor applied with moderate weight); § 1.33(13) (noncompliance with community supervision, factor applied with moderate weight); § 1.33(15) (hostility towards women, factor applied); § 1.33(18) (extravulnerable victim, factor applied); § 1.33(19) (level of physical contact, factor applied with increased weight); § 1.33(21) (diverse victim type, factor applied); § 1.33(22) (number of victims, factor applied).

5

the plaintiff's stepdaughter.[4]  The plaintiff does not challenge

the application of the high-risk factors, and he contests only

three of the eight risk-elevating factors.

The hearing examiner also considered risk-mitigating

factors, including that at the time of the hearing the plaintiff

was under probation supervision, was undergoing sex offender

treatment, and had found stable housing with his brother.[5]

Finally, the hearing examiner considered several scientific

papers the plaintiff submitted, including studies on rates of

recidivism and rearrest among male sex offenders, and on the

efficacy of community supervision and support on rates of

reoffending.[6]

Taken as a whole, the hearing examiner's findings and

conclusions reflect more than "a perfunctory effort" at

analysis.  Contrast Doe No. 11204, 97 Mass. App. Ct. at 574-576

(judgment affirming classification decision vacated where

---

[4] See 803 Code Mass. Regs. § 1.33(38) (victim impact statement, factor applied).

[5] See 803 Code Mass. Regs. § 1.33(28) (community supervision, factor applied with moderate weight); § 1.33(32) (sex offender treatment, factor applied with minimal weight); § 1.33(34) (stability in home environment and the community, factor applied).

[6] See 803 Code Mass. Regs. § 1.33(37) (other useful information, factor applied).  The hearing examiner also considered but gave "little weight" to studies the plaintiff submitted regarding the adverse impact of sex offender restrictions and registration on offenders and their families.

6

hearing examiner failed to address or even mention "detailed, fact-specific evaluations" and other reports generated about plaintiff during his commitment as sexually dangerous person). The hearing examiner's decision demonstrates the kind of "informed discretion" and "reasoned analysis" of the plaintiff's individual history and personal circumstances that the law requires. Id. at 574-575. The decision was based on substantial evidence and was neither arbitrary nor capricious.

3. Challenges to application of regulatory factors. The plaintiff claims that the hearing examiner misapplied factors 11, 13, 21, and 28. Based on the record available to us, it appears that the plaintiff raised only the first of these challenges in the Superior Court.[7] In any event, we discern no error.

The plaintiff argues the hearing examiner erred in applying factor 11 (violence unrelated to sexual assaults) by failing to explain why he applied the factor with "moderate weight," as opposed to minimal or full weight. He also argues that the hearing examiner failed to properly consider the severity and

_____

[7] The plaintiff's failure to include in the record appendix his memorandum in support of his Superior Court motion for judgment on the pleadings prevents us from determining which issues were preserved. We infer from the Commonwealth's opposition, which is included in the record appendix, and which discusses only factors 2, 7, 10, 11, and 19, that the plaintiff did not challenge the application of factors 13, 21, or 28.

7

frequency of the plaintiff's violence toward others by considering one charge that had been dismissed and another that was "nearly a decade before the hearing."  A hearing examiner is required to make "particularized, specific, and detailed findings" (citation omitted), Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 303 (2015) (Doe No. 380316), to the extent necessary to permit effective review.  See Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012).  Where, as here, we can determine which facts formed the basis of the hearing examiner's reasoning, that purpose is satisfied.

In applying factor 11, the hearing examiner primarily considered the 2013 conviction for assault and battery, which involved a serious instance of domestic violence.  Although the hearing examiner also mentioned an August 2006 charge of assault and battery causing serious bodily injury, earlier in the decision he had noted that because the record did not include a police report, he lacked evidence of, and therefore did not consider, this incident.  Given the serious nature of the 2013 incident, but this being the only relevant incident, it is evident why the hearing examiner gave this factor moderate, as opposed to full, weight.

Next, the plaintiff argues that the hearing examiner improperly applied risk-elevating factor 13 (noncompliance with

8

community supervision) as well as the countervailing, risk-mitigating factor 28 (supervision by probation or parole) -- both of which were given moderate weight.  The plaintiff asserts that the hearing examiner gave too much weight to factor 13 because he considered only the number, but not the nature, severity, disposition, or age, of the plaintiff's probation violations.  Conversely, the plaintiff asserts that the hearing examiner gave too little weight to factor 28 because there were only two violations.  We discern no error.  The regulations permit, but do not require, the board to consider both the number, seriousness, and age of probation violations.  See 803 Code Mass. Regs. § 1.33(13).  The regulations also state, "Factor 28 may be given less weight if there is a history of probation violations."  803 Code Mass. Regs. § 1.33(28).  The hearing examiner's decision, which included the dates of the two violations and essentially balanced the risk-elevating impact of factor 13 with the risk-mitigating impact of factor 28, demonstrates that he considered the relevant facts when applying these two factors.

Finally, the plaintiff contends that the hearing examiner erroneously classified extrafamilial and intrafamilial victims as "diverse" under factor 21 (diverse victim type) because the studies underlying the regulation do not support this classification.  As noted, the plaintiff waived this argument by

9

failing to raise it at the Superior Court. See Doe, Sex Offender Registry Bd. No. 203108 v. Sex Offender Registry Bd., 87 Mass. App. Ct. 313, 320-321 (2015). Putting aside the plaintiff's challenge to the regulation itself, the hearing examiner permissibly applied factor 21, which specifically lists diversity of "relationship categories" as a risk-elevating factor. 803 Code Mass. Regs. § 1.33(21). Furthermore, the plaintiff's victims were also diverse in age, an application supported by the regulation and underlying studies. Accordingly, we see no need to remand the case for clarification of how the hearing examiner applied and weighed the four factors.

4. Internet dissemination. The plaintiff argues the hearing examiner failed to weigh his liberty and privacy interests when determining whether Internet dissemination of his sex offender registry information would serve a substantial public safety interest. Because a sex offender's risk classification level affects his liberty and privacy interests, the board must support its classification decisions with clear and convincing evidence. See Doe No. 380316, 473 Mass. at 314-315. In addition, hearing examiners must carefully evaluate the need for publication on an individualized basis and determine "whether, in light of the particular risks posed by the particular offender, Internet access to that offender's

10

information might realistically serve to protect the public against the risk of the offender's sexual reoffense."  Doe No. 496501, 482 Mass. at 655.  Nothing more is required.  See id. at 654-655 ("Where a sexually violent offender presents a moderate risk to reoffend and a moderate degree of dangerousness, Internet publication will almost invariably serve a public safety interest by notifying potential victims of the risks presented by the offender in their geographic area").

In performing his evaluation, the hearing examiner found by clear and convincing evidence that the plaintiff posed a high risk of reoffense and dangerousness, particularly to extrafamilial acquaintances, prepubescent family members, or live-in relatives, and that dissemination and Internet publication of the plaintiff's sex offender registry information would serve a substantial public safety interest.  The hearing examiner considered the requisite facts and did so with the requisite care.

Judgment affirmed.

By the Court (Vuono, Massing & Allen, JJ.[8]),

Clerk

Entered:  October 23, 2025.

---

[8] The panelists are listed in order of seniority.

11