NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1214

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527388

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his classification as a level three sex offender. Doe argues that the hearing examiner used regulatory factor thirty-seven (other information related to the nature of sexual behavior) to effectively apply factor two (repetitive and compulsive behavior) in an unconstitutional manner. We affirm.

Background. We summarize the facts as set forth in the hearing examiner's decision, "supplemented by undisputed facts from the record." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011). In this case, the hearing examiner's decision considered Doe's sex

offense conviction as well as two allegations of sexual misconduct.[1]

1. Sex offense conviction. On February 26, 2014, police were dispatched to an address for an attempted rape and spoke to a twenty-six year old woman (victim 1) who was visibly upset. Victim 1 reported that she had returned home from her gym and parked across the street from her house when she noticed a male, later identified as Doe, wearing a dark hoodie, a dark bandana covering some of his face, and dark pants walk by her car. When she thought Doe had left the area, she got out of her car to walk across the street to her residence. Doe then came from behind her and threw her to the ground, grabbed her gym pants and underwear, and pulled them down. As victim 1 fought back, Doe grabbed her by the ankles and started dragging her across the street. Victim 1 began screaming and continued fighting back, hitting him with her lunch bag. She eventually grabbed at Doe's face and was able to poke him in one of his eyes, causing him to let go of her and flee.

In November 2019, Doe was found guilty of assault with intent to rape, in violation of G. L. c. 265, § 24; assault and

---

[1] "[T]he board may consider subsidiary facts that are proved by a preponderance of the evidence, including subsidiary facts resulting in acquittals, where those facts are nonetheless proved by a preponderance of the evidence." Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 757 (2021).

2

battery, in violation of G. L. c. 265, § 13A (a); and accosting a person of the opposite sex, in violation of G. L. c. 272, § 53.  He was sentenced to four to five years in State prison and three years' probation following his release from incarceration.

2.  Sexual misconduct allegations.  In November 2013, a twenty-three year old woman (victim 2) reported to police that she had been walking from her car to her friend's residence when a male, later identified as Doe, had run up behind her, dropped her to the ground, and put his hands underneath her gym pants in an attempt to pull them down.  She started fighting with Doe, who forcibly grabbed her buttocks and fled.  Victim 2 said that during the attack Doe had been wearing black pants, a black hooded sweatshirt, as well as a black and white bandana that covered the lower portion of his face.

Subsequently, a twenty-seven year old woman (victim 3) reported to police that she had been attacked by an unknown male, later identified as Doe, in the hallway of her apartment complex on February 2, 2014.  Victim 3 reported that Doe ran up behind her, pushed her down, reached inside the waistband of her gym pants, and attempted to pull them down.  She said that she had struggled with Doe and ultimately screamed for the neighbors, causing Doe to flee.  Victim 3 described Doe as having been dressed in black and wearing a black ski mask.

3

3. Prior proceedings. In July 2020, the Sex Offender Registry Board (SORB or board) notified Doe of his duty to register as a level three sex offender, pursuant to G. L. c. 6, § 178K (2) (c). Doe challenged the board's determination, and a de novo hearing was held in May 2022. Two months later, the board issued a final decision classifying Doe as a level three sex offender. Doe then sought judicial review of the board's decision pursuant to G. L. c. 30A, § 14. A Superior Court judge affirmed the level three classification, and this appeal followed.

Discussion. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019). In reviewing the board's decision, "we 'give due weight to the experience, technical competence, and specialized knowledge of the [board].'" Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602 (2013), quoting G. L. c. 30A, § 14 (7). We may only set aside the board's decision on a finding that the decision is unsupported by substantial evidence, arbitrary and capricious, an abuse of discretion, or not in accordance with the law. See Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 762 (2022) (Doe No. 6729).

4

Citing Doe No. 6729, 490 Mass. at 765-766, Doe argues that the hearing examiner's decision was arbitrary and capricious and an abuse of discretion because it improperly applied "the unconstitutional Factor 2(a) language" by "simply shuffling it to the catch-all Factor 37."[2]  We disagree.[3]

The Supreme Judicial Court (SJC) recently addressed the distinction between the application of factors two and thirty-seven in Doe, Sex Offender Registry Bd. No. 527962 v. Sex Offender Registry Bd., 496 Mass. 543 (2025) (Doe No. 527962). There, the SJC clarified that risk of reoffense is "the only inquiry addressed by factor two."  Id. at 548.  That analysis specifically requires proof of both repetitive and compulsive behavior.  Id.  In contrast, "factor thirty-seven does not require proof of compulsive behavior" when multiple offenses are used "only for determining degree of dangerousness."  Id.  In that situation, the consideration of a petitioner's "multiple

---

[2] The evaluation of a petitioner's risk of reoffense under factor two cannot be based solely on the commission of multiple sex offenses.  See Doe No. 6729, 490 Mass. at 766.  The subsequent offenses must also be compulsive, which typically occurs where a petitioner gets caught and subsequently reoffends.  See Id.

[3] The board correctly notes that because Doe did not raise this particular issue regarding factor thirty-seven at the board hearing or before the Superior Court, it has been waived.  See Doe, Sex Offender Registry Bd. No. 203108 v. Sex Offender Registry Bd., 87 Mass. App. Ct. 313, 320 (2015).  Nevertheless, we proceed and conclude that the hearing examiner's decision was not arbitrary and capricious or an abuse of discretion.

5

offenses on his future dangerousness . . . compl[ies] with SORB's statutory mandate." Id. at 549. See G. L. c. 6, § 178K (1) (b) (iii) (in determining risk and degree of dangerousness, board shall consider "the number, date and nature of prior offenses" [emphasis added]).

Here, the hearing examiner's application of factor thirty-seven was appropriate because she used Doe's multiple offenses solely to evaluate his degree of dangerousness. See Doe No. 527962, 496 Mass. at 548-549. The hearing examiner wrote:

> "As the Petitioner sexually assaulted three different women on three separate occasions, I also consider the repeated nature of his offending behavior as further evidence of the Petitioner's overall dangerousness. I also consider this in relation to the nature and scope of harm to a future Victim should he re-offend." (Emphasis added.)

This analysis specifically addressed considerations relevant to Doe's degree of dangerousness pursuant to the SORB statute: the number and nature of Doe's prior offenses. G. L. c. 6, § 178K (1) (b) (iii). Nothing in the hearing examiner's analysis of Doe's sexual assaults against three people under factor thirty-seven discussed his risk of reoffense. The hearing examiner considered the nature and scope of harm to a future victim should Doe reoffend, which is distinct from the likelihood he will reoffend. See Doe No. 527962, supra at 548 (degree of dangerousness measures severity and extent of harm "should an

6

offender recidivate," whereas risk of reoffense measures "<u>likelihood</u> an offender will recidivate" [emphasis added]).[4]

Accordingly, we conclude that the hearing examiner's classification decision was supported by substantial evidence and was not arbitrary and capricious.

<u>Judgment affirmed</u>.

By the Court (Rubin, Henry & Walsh, JJ.[5]),

Clerk

Entered:  November 26, 2025.

---

[4] As in <u>Doe 527962</u>, 496 Mass. at 549, because "the issue of empirical support for a link between multiple offenses and degree of dangerousness has not been adequately raised or litigated in the instant case," we decline to address it.

[5] The panelists are listed in order of seniority.