NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-5

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 528345

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his classification by a hearing examiner (examiner) of the Sex Offender Registry Board (board) as a level three sex offender in accordance with G. L. c. 6, § 178K (2) (c).  On appeal, Doe claims that the evidence did not support the examiner's classification decision or the requirement that his registry information be subject to Internet dissemination, and also that the examiner applied unconstitutional reasoning when weighing Doe's risk factors.  We affirm.

Background.  In 2019, Doe was convicted in Florida of multiple crimes related to forced sexual conduct during several

interactions with a child, then five years old, whom Doe and his wife babysat. The victim reported that Doe, on multiple occasions, had forced her to fellate and masturbate him, and that he had shown her a pornographic video recording. Doe ultimately pleaded guilty to three charges: attempted sexual battery on a child less than twelve years of age; attempted lewd or lascivious offenses committed on or in the presence of a person less than sixteen years of age (molestation); and lewd or lascivious offenses committed on or in the presence of a person less than sixteen years of age (exhibitionism). Doe was sentenced to a four-year term of incarceration, which he served, and a fifteen-year term of probation, which he is currently serving.

Doe now resides in Massachusetts, and in May 2022 the board recommended that Doe be classified as a level three sex offender. Doe objected to the recommendation and a de novo hearing was held on December 8, 2022. Doe submitted evidence at that hearing showing his enrollment in sex offender treatment beginning in February 2022, with progress reports rating his overall performance as "acceptable" and a treatment progress of six percent while noting his continued denial of the crimes. Doe also submitted letters of support from several family members and his employer.

2

On January 10, 2023, the examiner issued a final decision classifying Doe as a level three sex offender.  The examiner noted that the convicted offenses in Florida were like offenses to sex offenses in Massachusetts.[1]  He then found that, based on the victim's accounts, there was "sufficiently reliable and credible evidence" to consider both the oral rape of the victim and the convicted charges in making his determination.

Doe then filed a complaint for judicial review.  A Superior Court judge affirmed his classification as a level three sex offender on October 2, 2023.

Standard of review.  A level three classification is warranted where the examiner "make[s] explicit" findings, supported by clear and convincing evidence, that the offender presents "a high risk of reoffense, [and] a high degree of dangerousness, and a public safety interest is served by active dissemination of the offender's registry information."[2]  Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 768 (2022).  "A reviewing court may set aside or modify [the board's] classification decision where it determines

_____

[1] Doe does not contest these findings.

[2] "[A] hearing examiner may consider subsidiary facts that have been proved by a preponderance of the evidence" (citation omitted).  Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 754 (2021).

3

that the decision is in excess of [the board's] statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence."  Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019) (Doe No. 496501), citing G. L. c. 30A, § 14 (7).  "'Substantial evidence' is such evidence as a reasonable mind might accept as adequate to support a conclusion."  Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109 (2014) (Doe No. 68549), quoting G. L. c. 30A, § 1 (6).

"The court must 'give due weight to [the board's] experience, technical competence, and specialized knowledge . . . as well as to the discretionary authority conferred upon it."  Doe No. 68549, 470 Mass. at 109, quoting G. L. c. 30A, § 14 (7).  "[O]ur review does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion as [the board's examiner], but only whether a contrary conclusion is not merely a possible but a necessary inference" (quotation and citation omitted).  Doe No. 68549, supra at 110.

Application of factors.  Doe challenges the examiner's application of the board's factors.  "A hearing examiner has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each

4

factor."  Doe No. 68549, 470 Mass. at 109-110.  The examiner

applied high-risk factor 3 (adult offender with child victim)

with "increased weight" because the victim was prepubescent.

The examiner also applied three risk-elevating factors:  factor

7 (relationship between the offender and victim), as the victim

was "an acquaintance and extrafamilial in nature"; factor 18

(extravulnerable victim), as the victim "was five years old at

the time of the sexual assaults"; and factor 19 (level of

physical contact), as the assaults included penetration, thereby

indicating "an increased degree of dangerousness."  Doe does not

challenge these findings.

Instead, Doe claims that the "many risk-mitigating factors

present in his case" dictate that there was "insufficient

evidence" for his classification.  We are unpersuaded.  Doe

acknowledges the examiner's assignment of weight to five risk-

mitigating factors[3] and presents no facts or arguments which

contradict the examiner's findings.  And though Doe claims that

the presence of these factors means that there is not clear and

convincing evidence that he poses a high risk to reoffend, we,

---

[3] The examiner assigned full weight to factor 28
(supervision by probation or parole), factor 33 (home situation
and support systems), and factor 34 (materials submitted by the
sex offender regarding stability in the community), and minimal
weight to factor 30 (advanced age) and factor 32 (sex offender
treatment).

5

having given due weight to the examiner's expertise, cannot say that Doe's "conclusion is not merely a possible but a necessary inference" (citation omitted).  Doe No. 68549, 470 Mass. at 110.

Additionally, Doe argues that the examiner improperly applied the reasoning of factor 2(a) under a separate factor, factor 37, and that this reasoning was unconstitutional.  "[O]ur court has long followed the rule that '[i]n the absence of a statutory directive to the contrary, the administrative remedies should be exhausted before resort to the courts.'"  Doe, Sex Offender Registry Bd. No. 3974 v. Sex Offender Registry Bd., 457 Mass. 53, 57-58 (2010), quoting East Chop Tennis Club v. Massachusetts Comm'n Against Discrimination, 364 Mass. 444, 448 (1973).  We likewise apply this rule to claims not raised in the Superior Court proceeding.  See Doe, Sex Offender Registry Bd. No. 203108 v. Sex Offender Registry Bd., 87 Mass. App. Ct. 313, 320-321 (2015).  Because Doe did not raise claims to the Superior Court judge alleging that the examiner applied the factor 2(a) reasoning under factor 37 or that such reasoning was per se unconstitutional, those claims are waived.

Internet publication.  We are unpersuaded by Doe's argument that the examiner erred in concluding that Internet publication is warranted.  "Where a sexually violent offender presents a moderate risk to reoffend and a moderate degree of

6

dangerousness, Internet publication will almost invariably serve a public safety interest by notifying potential victims of the risks presented by the offender in their geographic area."  Doe No. 496501, 482 Mass. at 655.  This conclusion is even more compelling where, as here, the offender presents "a high risk to re-offend and dangerousness."

We discern no error in the examiner's conclusion.  He noted that the victim had been a young child whom Doe's wife babysat, and that it was in the interest of public safety to ensure that the parents of children acquainted with Doe have access to his registry information "to prevent extravulnerable, extrafamilial, prepubescent girls" from becoming future victims.

After careful review of the examiner's decision, we discern no abuse of discretion.

Judgment affirmed.

By the Court (Neyman, D'Angelo & Allen, JJ.[4]),

*Paul Little*

Clerk

Entered:  January 6, 2026.

---

[4] The panelists are listed in order of seniority.

7