NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-879

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 524126

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Appellant John Doe appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (board) as a level three sex offender.  On appeal, Doe raises three arguments:  (1) the board improperly used uncorroborated hearsay in making its determination, (2) the board's use of this hearsay was arbitrary and capricious, and (3) the board erroneously relied on entries in Doe's criminal record.  Because Doe raises these issues for the first time on appeal, the issues have been waived, and we affirm the judgment of the Superior Court.

Background.  In March 2016, Doe was convicted of one count of indecent assault and battery on a person fourteen years of

age or over in violation of G. L. c. 265, § 13H. As a result, Doe was classified as a level two sex offender after a hearing before the board in March 2017. In or around December 2021, Doe sought a downward reclassification of his sex offender status by petitioning the board for a hearing. Before that hearing could occur, the board received new information, in the form of an affidavit by the plaintiff of an abuse prevention order, detailing previously unknown sexual misconduct by Doe.[1] Pursuant to 803 Code Mass. Regs. § 1.32 (2016), the board initiated its own reclassification, resulting in the board recommending that Doe be reclassified as a level three sex offender.

Doe rejected the board's recommendation and requested a hearing challenging the classification pursuant to G. L. c. 6, § 178L. That hearing occurred in June 2023 and resulted in Doe being classified as a level three sex offender. Doe then filed a Complaint for Judicial Review permitted under G. L. c. 30A, § 14, and G. L. c. 6, § 178M, in Superior Court. The judge allowed the board's motion for a judgment on the pleadings, affirming Doe's level three classification. Doe then filed this appeal. Doe did not raise the issues presented in this appeal during the board's hearing, nor did he raise them in his motion

---

[1] The abuse prevention order was first issued against Doe on October 20, 2020.

for judgment on the pleadings in Superior Court.  As a result, these issues are waived.  Accordingly, we affirm the Superior Court's allowance of the board's motion for judgment on the pleadings.

Discussion.  Issues not raised before an administrative agency and a reviewing court are considered waived on appeal. Springfield v. Civil Serv. Comm'n, 469 Mass. 370, 382 (2014). This court does not generally review issues that were not raised before the board or the Superior Court.  See, e.g., Doe, Sex Offender Registry Bd. No. 203108 v. Sex Offender Registry Bd., 87 Mass. App. Ct. 313, 320 (2015).  In this appeal, Doe contends that the board improperly relied on corroborated hearsay evidence leading to an arbitrary and capricious result, and that the board improperly relied on entries on his criminal record rather than solely convictions.

These issues are presented for the first time on appeal. "Objections, issues, or claims -- however meritorious -- that have not been raised at the trial level are deemed generally to have been waived on appeal."  Palmer v. Murphy, 42 Mass. App. Ct. 334, 338 (1997).  Because this claim "fits none of the usual exceptions to the general rule that claims not raised below are waived," we need not address it.  Id. at 338-339.  See also Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 810

(2006) (issues that could have been, but were not, raised in administrative hearing deemed waived).

Judgment affirmed.

By the Court (Sacks, Smyth & Wood, JJ.[2]),

*Paul Little*

Clerk

Entered:  January 7, 2026.

---

[2] The panelists are listed in order of seniority.