NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1282

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 529078

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment on the pleadings upholding the Sex Offender Registry Board's classification of him as a level three sex offender.  We affirm.

Claims raised for the first time in the Appeals Court are waived.  See Doe, Sex Offender Registry Bd. No. 3974 v. Sex Offender Registry Bd., 457 Mass. 53, 56 (2010); Doe, Sex Offender Registry Bd. No. 203108 v. Sex Offender Registry Bd., 87 Mass. App. Ct. 313, 321 (2015), S.C., 89 Mass. App. Ct. 901 (2016) (Doe No. 203108).  Here, claims of error raised in the plaintiff's appellate brief bear little resemblance to the claims raised in the motion for judgment on the pleadings and

supporting memorandum of law.  On appeal the plaintiff claims errors with respect to the applicability of factor 3 (adult offender with a child victim) and factor 37 (other information related to the nature of the sexual behavior), and he challenges the scientific basis for the governing regulations, but the plaintiff did not raise these claims before the Superior Court judge.  Specifically, he claims for the first time that there was no evidence showing the victim was prepubescent under factor 3, the examiner inappropriately considered repetitive and compulsive behavior under factor 37, and the governing regulations do not reflect the current state of a scientific knowledge.  These arguments will not be considered for the first time in the Appeals Court because they are waived.  To the extent that he also continues to challenge the constitutionality of the governing statute and regulations, the plaintiff has waived this claim by failing to seek declaratory relief in the Superior Court.  See Doe No. 203108, 87 Mass. App. Ct. at 320-321.

Upon review of the remaining arguments, we discern no error with respect to the examiner's conclusion that the plaintiff presented a high risk of reoffense and high degree of dangerousness and that a substantial public safety interest would be served by dissemination and Internet publication of his

2

registry information.  Contrary to the plaintiff's claim, the examiner did not apply a mechanical "checklist" to the evidence. That evidence showed that the plaintiff (who was forty-three years old at the time of the hearing in 2023) repeatedly raped and sexually assaulted his stepdaughter when she was ages eleven to sixteen, was the subject of multiple abuse prevention orders protecting multiple women, had repeated contact with the criminal justice system, consumed alcohol daily, and previously acknowledged having a "problem" with marijuana.  In one affidavit in support of the request for an abuse prevention order, the affiant stated that the plaintiff grabbed her forcefully, threw her into a child's crib, grabbed her by the throat, and threw her out of the room.

The examiner carefully analyzed this evidence, applied the governing regulations to the facts, and explained the reasons for assigning degrees of weight to these factors:  factor 3 (adult offender with child victim), factor 19 (level of physical contact), factor 15 (hostility toward women), factor 11 (violence unrelated to sexual assaults), factor 9 (alcohol and substance abuse), factor 10 (contact with criminal justice system), and factor 37 (other information including mitigation). Noting the high risk to reoffend and the high degree of dangerousness the plaintiff posed to unsuspecting persons,

particularly to "the daughter of a romantic partner," the examiner concluded that Internet publication of the plaintiff's registry information would serve the interest of public safety. Thus, the present case did not lack "reasoned analysis" by the examiner, Doe, Sex Offender Registry Bd. No. 11204 v. Sex Offender Registry Bd., 97 Mass. App. Ct. 564, 575 (2020), and demonstrated a qualitative analysis of the plaintiff's history and personal circumstances.

Finally, we disagree with the plaintiff's contention that the examiner "disregarded a scientific article" that he offered. The research article from 2004 noted that "incest offenders recidivate at a significantly lower rate than offenders who target victims outside the family [and] child molesters with male victims recidivate at a significantly higher rate than child molesters that only have girl victims." Rather than disregard the article, the examiner "fully consider[ed] this article" but gave it little weight in the overall analysis because the regulatory factors reflect "similar research." Indeed, the regulatory factors are clear that sex offenders are not a monolith when it comes to risk of recidivism. See, e.g., factor 3 (adult offenders against children generally younger than thirteen "pose an even higher risk of reoffense"); factor 7 (adult offenders who "target intrafamilial victims may be at a

4

lower risk to reoffend" and offenders against a stranger "have a higher risk of reoffense"); factor 17 (adult male offenders against male victims "reoffend at a higher rate").  Given the research reflected by these regulatory factors, we cannot say that the examiner erred in his assessment of the article.  Nor can we say that the examiner erred in giving little weight to the article (beyond what is expressed in the regulatory factors).  The plaintiff contends that the article is supportive of "his position that he poses a low risk of re-offense," but factor 7 says otherwise: "having an intrafamilial victim is not a risk mitigating, nor a risk elevating, factor."  Consistent with the limitation expressed in factor 7, the examiner concluded, "I give neither risk elevating nor mitigating weight to this factor."  We discern no error.

<u>Judgment affirmed</u>.

By the Court (Desmond, Hand & Hodgens, JJ.[1]),

Clerk

Entered:  June 16, 2026.

---

[1] The panelists are listed in order of seniority.

5