NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1323

JANE DOE, SEX OFFENDER REGISTRY BOARD NO. 527139

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jane Doe (Doe), appeals from a Superior Court judgment affirming her classification by the Sex Offender Registry Board (SORB) as a level two sex offender. On appeal, Doe claims that (1) the hearing examiner erred in using invalid factor 2 considerations as part of his analysis under factor 37; (2) the evidence does not support the hearing examiner's application of factor 3; and (3) the hearing examiner erred in failing to reconsider expert testimony after remand. We affirm.

Background. We summarize the facts as found by the hearing examiner, "supplemented by undisputed facts from the record," and reserve certain facts for later discussion. Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011) (Doe 10800).

With respect to the governing offenses, the hearing examiner found as follows. On September 19, 2003, Clark County Arkansas Sheriff's Office investigators and Arkadelphia Arkansas police investigators interviewed a fourteen year old girl (victim) who stated that she had been forcibly sexually assaulted, repeatedly, by an adult male for "three years or over." Doe, the victim's mother, knew of the sexual assaults, received money from the adult male offender in exchange for facilitation of the sexual assaults, forced the victim to go to the offender's home, and was present on "four to ten" occasions when the victim was sexually assaulted. Doe also forced the victim to watch Doe and the male engage in intercourse and other sex acts and to participate in "a 'threesome' where the male raped the [v]ictim with his penis," and Doe "physically held the [v]ictim down so the male could sexually assault her on at least three occasions." The victim reported the sexual assaults to a school counselor who contacted the police.

Doe was subsequently convicted in Arkansas of twenty counts of rape and sentenced to fourteen years of incarceration. Doe was released in 2016 before relocating to Massachusetts.

In January 2020, SORB notified Doe that she had a duty to register as a level two sex offender, pursuant to G. L. c. 6, § 178K (2) (b). Doe requested a hearing to challenge SORB's recommended classification.

2

After hearing evidence presented by SORB and Doe, including the report and testimony of Doe's expert, Dr. Laurie Guidry, the hearing officer issued a written decision ordering that Doe register as a level two sex offender, in accordance with G. L. c. 6, § 178K (2) (b).

Doe then filed a complaint for judicial review pursuant to G. L. c. 6, § 178M, and G. L. c. 30A, § 14, and a motion for judgment on the pleadings in the Superior Court. The judge issued a memorandum and order allowing Doe's motion for judgment on the pleadings, vacating SORB's classification decision and remanding the matter to SORB for further proceedings because the hearing examiner applied two sentences of factor 2 that had since been invalidated.[1]

On November 1, 2021, the hearing examiner issued a written amended decision again ordering Doe to register as a level two sex offender. Subsequently, on a second action for judicial review, Doe filed a motion for judgment on the pleadings and memorandum of law, and, after a hearing, a different Superior Court judge denied Doe's motion and affirmed SORB's amended decision. Doe filed a timely notice of appeal on July 17, 2023. Appellate proceedings were stayed on March 11, 2024, pending a

---

[1] See Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 800 (2022).

decision in Doe, Sex Offender Registry Board No. 527962 v. Sex Offender Registry Bd., 496 Mass. 543 (2025) (Doe 527962).

Discussion. 1. Standard of review. A reviewing court may set aside a decision of SORB if it determines "that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law" (quotation omitted). Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 801 (2022) (Doe 22188). The reviewing court shall "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006), quoting G. L. c. 30A, § 14 (7). Doe therefore "bears a heavy burden of establishing that [SORB]'s decision was incorrect" (quotation omitted). Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 757 (2021).

2. Application of regulatory factors. a. Factor 37. Doe contends that the hearing examiner erroneously applied Doe's multiple offenses to the catchall factor 37 by considering the impact of the offenses on risk of reoffense, in a manner

4

precluded by the law governing factor 2.[2]  See Doe, Sex Offender

Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass.

759, 765-766 (2022).  Following the decision in Doe 527962,

supra, we disagree.

Factor 37 of the board's regulations dictates that,

"pursuant to G. L. c. 6, § 178L (1), the [b]oard shall consider

any information that it deems useful in determining risk of

reoffense and degree of dangerousness posed by any offender."

803 Code Mass. Regs. § 1.33(37)(a) (2016).[3]  See id.,

§ 1.33(37)(b) ("Factor 37 applies in the same manner to adult

female offenders").  Section 178L treats risk of reoffense and

degree of dangerousness as distinct inquiries:  "dangerousness

is measured by the severity and extent of harm should an

offender recidivate; the risk of reoffense measures the

likelihood an offender will recidivate."  Doe 527962, 496 Mass.

at 548.  See Doe, Sex Offender Registry Bd. No. 496501 v. Sex

---

[2] The second and third sentences of factor 2, as promulgated under the 2016 revision, "unlawfully exceed[ed] [SORB's] authority and violate[d] due process by attributing a high risk of reoffense whenever an offender committed two or more episodes of sexual misconduct, whether or not the offender was discovered, confronted or investigated between episodes [quotation omitted]."  Doe 22188, 101 Mass. App. Ct. at 800.

[3] Unless otherwise indicated, all references to 803 Code Mass. Regs. § 1.33 are to the 2016 revision applicable at the relevant times.  Section 1.33 was revised in 2025; for present purposes the pertinent language of the 2025 revision did not materially change.

Offender Registry Bd., 482 Mass. 643, 651, 659 (2019); 803 Code Mass. Regs. § 1.20(2) (2025). Thus, the hearing examiner did not err in considering Doe's repetitive offenses to determine only degree of dangerousness, but not risk of reoffense, under factor 37. As the court held in Doe 527962, supra at 548-549, the law restricting the application of factor 2 does not apply to a hearing examiner's determination of dangerousness.

Moreover, in considering the impact of Doe's multiple offenses on her future dangerousness -- including that Doe held the victim down multiple times such that she could be sexually assaulted -- the hearing examiner was following SORB's statutory mandate. See Doe 527962, 496 Mass. at 549. Factor 37, intended as a catchall provision, encompasses considerations such as Doe's repeated offenses against a single victim -- an element not addressed under other factors.[4] 803 Code Mass. Regs. § 1.33(37). Thus, on the present record, we discern no error in the hearing examiner's consideration of Doe's multiple offenses in his determination of dangerousness. See Doe 527962, 496 Mass. at 449-550 (declining to address "issue of empirical support for a link between multiple offenses and degree of

---

[4] For example, factor 22 accounts for the dangerousness of crimes against multiple victims, but does not capture the dangerousness reflected in the repetitive nature of Doe's offenses because she offended against the same victim. 803 Code Mass. Regs. § 1.33(22).

6

dangerousness" where issue had "not been adequately raised or litigated in the instant case").

b. Factor 3. Doe also contends that the hearing examiner erroneously applied factor 3 because the record contains insufficient evidence to find that the victim was "targeted" within the meaning of 803 Code Mass. Regs. § 1.33(3). The argument is unavailing.

First, Doe did not raise this issue before the hearing examiner; nor did Doe raise it on judicial review before the Superior Court, and thus it is waived. See Doe, Sex Offender Registry Bd. No. 203108 v. Sex Offender Registry Bd., 87 Mass. App. Ct. 313, 321 (2015). Even assuming this argument was not waived, it is nevertheless unpersuasive. Doe's argument with respect to factor 3 is that the "mere happenstance" that the victim was a prepubescent child "does not provide substantial evidence" to show that Doe "targeted" a child or that she "was driven to offend against a child by a mental abnormality." We disagree. "[W]e do not read the words of the regulation in isolation"; they "gain[] meaning from other [] [words] with which [they] are associated" (citations omitted). Freiner v. Secretary of the Executive Office of Health & Human Servs., 494 Mass. 198, 212 (2024). Under 803 Code Mass. Regs. § 1.33(3)(a) adult sex offenders who have "target[ed] children" pose a high risk of reoffense. See id., § 1.33(3)(b) ("Factor 3 will apply

7

in the same manner to adult female offenders").  To "target" is to "set as a goal."  Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/target [https://perma.cc/LUN8-P7AY].  Thus, "if an individual 'set[s] as a goal' a sexual encounter with persons whom [she] believes to be children, [she] thereby 'targets' children for a sexual encounter."  Doe, Sex Offender Registry Bd. No. 528042 v. Sex Offender Registry Bd., 496 Mass. 437, 443 (2025) (Doe 528042).  Here, it cannot be said that Doe did not set as a goal a sexual encounter with someone she believed was a child.  Doe sexually offended against her daughter, the victim, when the victim was age ten or eleven, forced the victim to both watch and engage in sexual encounters with her, and forcibly held the victim down during multiple sexual assaults.  See id. at 443-444 (entering car and driving to sexual encounter knowing victims were children is enough to target prepubescent children).  "[T]he plain terms of the regulations themselves imply that Doe is an '[a]dult offender[] who target[ed] children" (quotation, citations omitted).  Doe 528042, 496 Mass. at 444.  See 803 Code Mass. Regs. § 1.33(3).

3.  Doe's expert's opinion.  Finally, Doe contends that the manner in which the hearing examiner considered Doe's expert's opinion constituted an arbitrary and capricious exercise of his discretion because he failed to reexamine it in light of the

8

elimination of factor 2.  She further argues that the hearing examiner's refusal to accept Dr. Guidry's opinion did not have a basis in the record.  We disagree.

In the context of a SORB classification hearing, a hearing examiner must consider the evaluative reports, empirically based risk assessments, and testimony "from a licensed mental health professional that discuss psychological and psychiatric issues . . . as they relate to the offender's risk of reoffense."  803 Code Mass. Regs. § 1.33(35)(a).  See Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 135 (2019) (Doe 23656); 803 Code Mass. Regs. § 1.33(35)(b) (adult female offender).  However, the "opinion of a witness testifying on behalf of a sex offender need not be accepted by the hearing examiner even where the board does not present any contrary expert testimony."  Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 112 (2014), quoting Doe 10800, 459 Mass. at 637.

The hearing examiner did not, as Doe asserts, reject Dr. Guidry's opinion without a basis for such rejection.  Rather, as evidenced by his written decision, the examiner considered Dr. Guidry's testimony, evaluation, and opinion, and explained his basis for disagreement and deviation therefrom.  The hearing examiner found that Dr. Guidry did not consider factors 3, 9, and 19 -- factors he found to be applicable -- thus meriting

9

less weight for her opinion.[5]  The hearing examiner's application of these factors was well reasoned.  He gave increased weight to factor 3 because Doe sexually offended against a prepubescent child; minimal weight to factor 9, because Doe's alcohol abuse was dated and not involved in the index offenses; and increased weight to factor 19 due to penile penetration, a high level of physical contact.  The hearing examiner thus considered Dr. Guidry's opinion and gave it appropriate weight but came to a different conclusion supported by the record, as he was entitled to do.  See Doe 23656, 483 Mass. at 137 ("Doe is not entitled to a guarantee that SORB will reach the same conclusion as his

_____

[5] Factor 3, adult offender with child victim; factor 9 substance use; and factor 19, level of physical contact.

10

expert; he is entitled only to careful consideration of his expert's testimony").

For the reasons detailed in the examiner's decision and the reasons stated herein, we cannot conclude that the examiner's decision was arbitrary, capricious, or an abuse of discretion.

<u>Judgment affirmed</u>.

By the Court (Neyman, Shin & Wood, JJ.[6]),

*Paul Little*

Clerk

Entered:   November 5, 2025.

---

[6] The panelists are listed in order of seniority.

11