NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

23-P-1024                                          Appeals Court

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 97000  vs.  SEX
                OFFENDER REGISTRY BOARD.


No. 23-P-1024.

Worcester.     January 13, 2025. – May 15, 2026.

Present:  Rubin, Henry, & Walsh, JJ.


Sex Offender.  Sex Offender Registration and Community
     Notification Act.  Evidence, Expert opinion, Sex offender.
     Witness, Expert.  Administrative Law, Hearing, Judicial
     review, Regulations, Substantial evidence.


     Civil action commenced in the Superior Court Department on
July 28, 2022.

     The case was heard by Valerie A. Yarashus, J.

     Colin Caffrey for the plaintiff.
     Jessica M. Blackman for the defendant.


     HENRY, J.  The plaintiff, John Doe, appeals from a Superior

Court judgment affirming his reclassification by the Sex

Offender Registry Board (SORB) as a level two sex offender.  On

appeal, Doe argues that the hearing examiner (examiner), who

reduced his classification from a level three to a level two sex

offender, (1) abused her discretion in denying expert witness

funds where Doe was an emerging adult at the time he committed the sex offenses of which he was convicted, (2) abused her discretion in applying SORB's factor 2 (repetitive and compulsive behavior), see 803 Code Mass. Regs. § 1.33(2) (2016),[1] and (3) erred in classifying him as a level two sex offender. We affirm.

Background. 1. The offenses. In 1997, when Doe was thirteen years old, he sexually assaulted a nine year old boy (victim one). The incident involved Doe repeatedly pulling the boy's pants down and touching his penis. Victim one's family reported Doe to the police, and Doe was interviewed by an officer. After victim one's parents and Doe's parents agreed that Doe would engage in counseling, no criminal charges were filed.

About four years later, from July 2001 through January 2003, when Doe was almost eighteen,[2] and continuing until after he turned nineteen years old, he sexually assaulted five additional child victims (victims two through six), all known to

---

[1] We refer to SORB's classification factors by number, or name and number, it being understood that each of them appears in the corresponding subpart of 803 Code Mass. Regs. § 1.33 (2016). SORB's regulations were updated in 2025, but the 2016 version of the regulations were in effect at the time of the examiner's decision in this case and therefore govern our analysis.

[2] Doe turned eighteen on August 30, 2001.

him.  The victims included four boys, aged twelve to fourteen, and one fifteen year old girl.  Doe had a business where he employed one of the victims and invited others to visit and use the business's Internet service.  Doe was trusted by the victims as a babysitter and friend, and by victim four as a boyfriend. Doe, however, used his business and access to the victims' homes to commit sexual offenses.  Doe's sexual offenses against the victims included taking pictures of victim two while he was using the bathroom, placing his mouth on the genitals of victims two and five, penetrating victim four with his penis, offering to buy things or pay the victims if they engaged in a variety of sexual acts, groping the victims, asking the male victims to show their penises to him, and showing them pornography.

2.  Procedural history.  In November 2004, Doe pleaded guilty to numerous sexual offenses committed against victims two through five.[3]  Doe was sentenced to from eight to twenty years in prison followed by fifteen years of probation from and after his release.  Doe was finally classified as a level three sex offender in May 2011.

---

[3] Although Doe was never criminally charged with sexually assaulting victim one or convicted of his sexual offenses against victim six, the examiner found victim one's and victim six's allegations to be detailed, credible, and reliable, and considered them as fact.

In December 2020, Doe filed a motion for reclassification. He also filed a motion for funds to hire an expert "to consult and explore" his risk of recidivism given his "age and maturity at the time of his sexual offenses," which Doe asserted were "conditions and circumstances special to [him]."

In May 2022, the examiner held a de novo hearing on the basis of documentary evidence submitted by both parties. At the hearing, the examiner took the motion for expert funds under advisement. The hearing examiner denied the motion, concluding:

> "I give consideration in my analysis of the Petitioner's current risk of re-offense and degree of dangerousness to the fact that the Petitioner's deviant sexual behaviors began when he was a juvenile and continued into late adolescence, a time where he lacked the same level of maturity as that of a fully developed adult. I therefore do not believe an expert to be necessary . . . ."
> (Emphasis added.)

At the time of the reclassification decision, Doe was nearly thirty-nine years old. After taking into account Doe's youth at the time of his offenses, the examiner reduced Doe's classification from level three to level two. Pursuant to G. L. c. 30A, § 14, and G. L. c. 6, § 178M, Doe sought review of his classification, which was upheld by a judge of the Superior Court.

Discussion. 1. Expert witness funds. Doe argues that the examiner abused her discretion in denying expert witness funds for testimony on brain development because he was an "emerging

adult" when he committed his later offenses. On this record, we do not discern that the hearing examiner abused her discretion in denying Doe expert funds on his emerging adult status.

Doe was eighteen and nineteen years old when he committed most of the sexual offenses against victims two through six, making him an adult offender as defined by SORB's regulations. See 803 Code Mass. Regs. § 1.03 (2016) (defining "juvenile" sex offender as "[a]n individual younger than [eighteen] years old at the time of committing a sex offense"). "A properly promulgated regulation 'has the force of law . . . and must be accorded all the deference due to a statute'" (citation omitted). Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 629 (2011) (Doe No. 10800).

While we acknowledge the holding by the Supreme Judicial Court that "emerging adults," eighteen to twenty year olds, should not be sentenced to life in prison without parole because their brains "are not fully developed and are more similar to those of juveniles than older adults," Commonwealth v. Mattis, 493 Mass. 216, 217-218, 234 (2024), Mattis did not specifically address what effect, if any, the brain development of emerging adults has on recidivism for sexual offenses in their later years, see id. at 227. In fact, in Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 113

(2014) (Doe No. 68549), the Supreme Judicial Court addressed the argument of a man who had committed sex offenses only as a juvenile and was significantly older at the time of the classification. The Supreme Judicial Court noted that "the [SORB] guidelines specify whether each of the factors enumerated in them applies in whole, in part, or not at all to a '[j]uvenile [o]ffender.'" Id.[4]

Importantly, in the context of classification of sex offenders, each factor states whether it applies differently to juvenile offenders, and many factors apply in the same way to adult and juvenile offenders.[5] Of the high-risk and risk-elevating factors that the examiner applied to Doe, factors 19 (level of physical contact), 20 (diverse sexual behavior), 21

---

[4] At the time the Supreme Judicial Court decided Doe No. 68549 in 2014, SORB regulations defined "juvenile" as "any sex offender who was younger than [seventeen] years old at the time he [or she] committed all of his or her sex offenses." Doe No. 68549, 470 Mass. at 113, quoting 803 Code Mass. Regs. § 1.39(4) (2013). In 2016, SORB changed the definition of "juvenile" and the placement of that definition in the regulations. See Code Mass. Regs. § 1.03 (2016) (defining "juvenile" as "[a]n individual younger than [eighteen] years old at the time of committing a sex offense").

[5] The court recognizes that SORB's regulations provide juvenile offenders certain additional procedural protections during the classification process, including, for example, preparation of a recommended classification level by "a licensed psychologist or psychiatrist with special expertise in the assessment and evaluation of juvenile sex offenders." 803 Code Mass. Regs. § 1.06(5) (2016).

(diverse victim type), and 22 (number of victims) apply the same to adults and juveniles.[6]  See 803 Code Mass. Regs. § 1.33(19)-(22).  The examiner properly applied the adult male standard to Doe for factor 2 (repetitive and compulsive behavior) because the juvenile standard may only be applied to adults "whose only sex offense(s) were committed as a juvenile."  See 803 Code Mass. Regs. § 1.33(2)(c).  Factor 3 (adult offender with a child victim) does not apply to juvenile offenders.  See 803 Code Mass. Regs. § 1.33(3)(c).  Because Doe committed most of his offenses as an adult, factor 3 was properly applied to him.  Even if he were considered a juvenile, the age disparity between Doe and his victims would instead be taken into account by factor 27 (age of victim), which applies only to juvenile offenders.  See 803 Code Mass. Regs. § 1.33(27)(c).  Finally, factor 17 (male offender against male victim) applies to adult males and only to juvenile offenders who "were 13 years of age or older at the time of the sexual misconduct," and whose male

---

[6] In determining the weight of factor 19 with respect to a juvenile offender, the regulations additionally require SORB examiners to consider the "age difference between offender and victim; whether there is evidence of an ongoing dating type relationship; whether the victim consented; and whether there was force or coercion."  See 803 Code Mass. Regs. § 1.33(19)(c). Regardless of whether those circumstances were considered here, even if the examiner had allowed Doe's request for funds for an expert to address his risk of reoffense, any consideration of factor 19 pertains solely to the determination of an offender's dangerousness and not the offender's risk of recidivism.

victim was under thirteen and at least five years younger than the offender. See 803 Code Mass. Regs. § 1.33(17)(c). In other words, factor 17 differentiates among juvenile offenders based on age. Here, factor 17 would apply regardless of whether Doe was considered an adult or juvenile because he was over thirteen at the time of the offenses and offended against two males who met both the age and five-year difference requirements. Contrast Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 604, 610 (2013) (Doe No. 205614) (holding that where "guidelines do not take into account the gender of the sex offender," examiner erred in denying expert funds where offender was female).[7]

---

[7] This case was decided under SORB's 2016 regulations. See note 1, supra. We note that the 2025 regulations expressly acknowledge the emerging adult issue.

> "[SORB] recognizes there is current scientific research regarding young adults at age 18, 19, 20 years old referred to as 'emerging adults' and that this population demonstrates issues with impulse control similar to individuals in late adolescence. For most individuals who engage in criminal behavior as emerging adults, they have a greater capacity to change than older adults (Steinberg & Scott, 2003)."

803 Code Mass. Regs. § 1.33 (2025). SORB also states, "However, there is no current sex offender recidivism research specific to emerging adults." Id.

Doe's motion might have been stronger had it articulated some specific reason to believe an expert might opine that one who commits a sex offense as an emerging adult has a lower risk of recidivism than one who offends as a mature adult. See, e.g., Doe No. 205614, 466 Mass. at 610 (abuse of discretion to

Additionally, "the decision whether to grant an individual sex offender funds for an expert is a discretionary one, to be based on the facts presented in an individual case." Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008) (Doe No. 89230). After Doe No. 89230, SORB developed a standard for expert funds: In moving for expert witness funds, the burden is on the sex offender to "identify a condition or circumstance special to the sex offender and explain how that condition is connected to [the sex offender's] risk of reoffense or level of dangerousness." 803 Code Mass. Regs. § 1.16(4)(a)(1) (2016). "Motions for funds for the purpose of an expert to provide a general opinion on the sex offender's risk to reoffend and degree of dangerousness will be deemed insufficient" and denied. 803 Code Mass. Regs. § 1.16(4)(b) (2016).[8]

---

deny expert funds where female petitioner supported motion "with significant evidence that the research undergirding SORB's guidelines was limited almost exclusively to male sexual recidivism, in addition to evidence indicating that females have lower over-all rates of sexual recidivism," thus identifying "a particular characteristic or condition peculiar to her that the guidelines do not appear to contemplate, and that an available expert is qualified to address").

[8] To the extent that SORB argued on appeal that, because Doe failed to establish a circumstance or condition special to him, the denial of the motion was proper, we decline to consider the argument, as that was not a ground on which the examiner denied Doe's motion. See, e.g., Doe, Sex Offender Registry Bd. No. 58574 v. Sex Offender Registry Bd., 98 Mass. App. Ct. 307,

Here, Doe failed to establish the need for expert testimony on brain development.  See Doe No. 89230, 452 Mass. at 775.  In denying Doe's motion for expert funds, the hearing examiner explained that she did not believe an expert on Doe's emerging adult status at the time of the offenses was necessary because she considered Doe's age at the time of his sexual offenses in her classification decision.  This conclusion is bolstered by the hearing examiner's analysis of factor 37 (other information related to the nature of the sexual behavior), where she stated that she considered in her deliberations the "various scholarly articles" on the adolescent brain submitted by Doe, given his "youthfulness at the time that he committed the governing offenses and sexual misconduct."  See Doe No. 68549, 470 Mass. at 112-114 (holding that examiner did not ignore Doe's adolescence, "a scientifically relevant factor," where studies comparing adolescent and adult brains not in record and examiner "took into consideration Doe's young age at the time of his offenses").  We discern no error.[9]

---

312-313 (2020) (declining to uphold hearing examiner's denial of expert funds on ground not relied on by examiner).

[9] Any argument that the regulations are invalid for failure to account for "emerging adults" must be brought as an original action for declaratory judgment.  See Doe No. 10800, 459 Mass. at 630 ("A challenge to the constitutionality of a general regulation cannot be resolved by requesting declaratory relief in an appeal from an administrative agency decision because judicial review is confined to the administrative record, see

2.  Factor 2.  Doe argues, for the first time on appeal, that the examiner abused her discretion in applying factor 2.  Because Doe did not raise this argument below, it is waived.  See Doe, Sex Offender Registry Bd. No. 203108 v. Sex Offender Registry Bd., 87 Mass. App. Ct. 313, 320-321 (2015) (argument that examiner arbitrarily and capriciously applied certain factors waived where raised for first time on appeal).

Even if Doe had preserved the argument, we are not persuaded.  Doe claims that the examiner applied full weight to factor 2.  An examiner may give full weight to factor two "only when the sex offender reoffends after being 'charged with or convicted of a sex offense.'"  Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 96 Mass. App. Ct. 738, 741 (2019), quoting 803 Code Mass. Regs. § 1.33(2)(a).  However, under factor 2 an examiner "may give increased weight to offenders who have been discovered and confronted (by someone other than the victim) or investigated by an authority for sexual misconduct and, nonetheless, commit a subsequent act of sexual misconduct."[10]  See 803 Code Mass. Regs. § 1.33(2)(a).

_____

G. L. c. 30A, § 14 [5], which has been made based on the presumption that the classification scheme is constitutional").

[10] On April 16, 2021, a Superior Court judge issued a judgment declaring invalid the second and third sentences of factor 2 pertaining to its threshold weight.  See Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 800 (2022).  The portion of factor 2

Here, the examiner explained that factor 2 applied because Doe reoffended after being investigated by police for his sexual offense against victim one, noting that Doe was not criminally charged for that offense. In reciting various provisions of factor 2, the examiner incorrectly stated that "[i]ncreased weight shall be given to an offender who engages in sexual misconduct after having been charged with or convicted of a sex offense." That is the standard for full weight. But the examiner did not state that she gave factor 2 full weight; she said only that factor 2 "applie[d]." In other words, although the hearing examiner made a misstatement, she applied factor 2 in a manner consistent with the regulation's requirements for increased weight. See NSTAR Elec. Co. v. Department of Pub. Utils., 462 Mass. 381, 387 (2012) ("[W]e can conduct a meaningful review of a decision of less than ideal clarity if the agency's path may reasonably be discerned" [quotation and citation omitted]).

---

quoted supra is for adult offenders, but the relevant juvenile language is substantively similar. For adult males, increased weight applies "to offenders who have been discovered and confronted." 803 Code Mass. Regs. § 1.33(2)(a). For juveniles, increased weight applies to juveniles who are "detected," which includes "being cautioned, warned, disciplined, criminally charged, or otherwise sanctioned by an adult authority (e.g. police, parent, or teacher)." 803 Code Mass. Regs. § 1.33(2)(c).

In any event, the examiner's application of factor 2 was supported by the evidence. Doe was confronted by the police when he was interviewed at age thirteen about a sexual assault he committed. Undeterred by this confrontation, as a seventeen year old and as an adult, Doe sexually assaulted five more young victims. See 803 Code Mass. Regs. § 1.33(2)(a) (factor 2 may be applied with increased weight "to offenders who have been discovered and confronted [by someone other than the victim] . . . and, nonetheless, commit a subsequent act of sexual misconduct"). We discern no error.[11]

_____

[11] Doe's reliance on Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639 (2012) (Doe No. 136652), is misplaced. In Doe No. 136652, a hearing examiner applied SORB's regulatory factors to a petitioner who was ten years old when he sexually offended against other prepubescent children, in a "bare-bones recitation of regulatory text." Id. at 652. We were concerned that the regulatory factors applied were not written with a ten year old offender in mind, as many of the factors indicated that offenders who choose victims who are prepubescent or cannot defend themselves present a greater risk to the public. Id. We opined that it was not "intuitively obvious," why "a ten year old who offends with a seven year old inherently presents a greater social risk than a seventeen year old who offends with a thirteen year old," holding that it was error for the examiner to apply, without explanation, regulatory factors "that do not on their face take account of sexual activity between prepubescent children." Id. at 652, 656.

Doe argues that the application of factor 2 gives rise to a similar concern here because he was an emerging adult when he committed his later offenses. But the circumstances of this case are readily distinguishable from those in Doe No. 136652. Doe first offended at age thirteen and was confronted by police; he then committed multiple subsequent sexual offenses as an adult. Factor 2 expressly accounts for such situations,

3. <u>Substantial evidence</u>. Doe argues that the examiner's decision to classify him as a level two sex offender was not based on a reasoned analysis or substantial evidence. To classify Doe as a level two sex offender, the examiner had to "find by clear and convincing evidence that (1) [Doe]'s risk of reoffense is moderate; (2) [Doe]'s dangerousness is moderate; and (3) a public safety interest is served by Internet publication of [Doe]'s registry information." <u>Doe, Sex Offender Registry Bd. No. 496501</u> v. <u>Sex Offender Registry Bd</u>., 482 Mass. 643, 656 (2019).

"We review the examiner's finding that clear and convincing evidence supported the classification to determine whether it was supported by substantial evidence." <u>Doe, Sex Offender Registry Bd. No. 523391</u>, 95 Mass. App. Ct. 85, 94 (2019) (<u>Doe No. 523391</u>). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1 (6).

---

including cases where a juvenile is "detected for prior sexual misconduct" and subsequently offends. See 803 Code Mass. Regs. § 1.33(2)(c) (detection includes "being cautioned, warned, disciplined, criminally charged, or otherwise sanctioned by an adult authority [e.g. police, parent, or teacher]"). In other words, factor 2 considers whether an offender was a juvenile when he was confronted, the extent of the confrontation, and whether he reoffended.

Here, at ages seventeen, eighteen, and nineteen, Doe sexually assaulted five child victims, a girl and four boys, while he was an emerging adult and despite having been confronted by the police for a prior sexual assault that he committed at thirteen years old.  These facts supported the two high-risk factors found by the examiner, that Doe's behavior was repetitive and compulsive (factor 2) and that he was an adult offender with child victims (factor 3).  The facts also supported the risk-elevating factors found by the examiner, that Doe assaulted extrafamilial victims (factor 7), was a male offender against five male victims (factor 17), committed offenses involving a high level of physical contact (factor 19), engaged in diverse sexual behavior (factor 20), had a diverse victim type (factor 21), and offended against two or more victims (factor 22).

The examiner considered mitigating factors, including Doe's probation supervision (factor 28), his engagement in sex offender treatment (factor 32), his support system (factor 33), and his residential and employment stability in the community (factor 34).  As a result, the examiner reduced Doe's classification from level three to level two.  "We can discern no error in the examiner's weighing of these . . . factors . . . ."  See Doe, No. 523391, 95 Mass. App. Ct. at 94, citing Adoption of Jacques, 82 Mass. App. Ct. 601, 608 (2012).

Because the examiner's decision was factually supported and weighed various high-risk, risk-elevating, and risk-mitigating factors, we conclude that her decision was supported by substantial evidence and a reasoned analysis.

<u>Judgment affirmed</u>.

RUBIN, J. (dissenting).  Because the petitioner should have been granted funds for the consultation with and possible testimony of an expert on the issues surrounding the petitioner's risk of sexual recidivism given that he was an "emerging adult" -- aged eighteen and nineteen – when he committed the final sex offenses at issue here, I must respectfully dissent.  The fact articulated by the Supreme Judicial Court in Commonwealth v. Mattis, where the Court held that "emerging adults" aged eighteen, nineteen, and twenty, could not be sentenced to life without the possibility of parole, is "that the brains of emerging adults are not fully developed and are more similar to those of juveniles than older adults."  Commonwealth v. Mattis, 493 Mass. 216, 234-235 (2024).

Although, as the majority notes, status as a juvenile is taken account of in the regulations applicable to the petitioner's case, they do not address the circumstances of emerging adults.  Consequently, the petitioner has met his "burden . . . to identify and articulate the reason or reasons, connected to a condition or circumstance special to him, that he needs to retain a particular type of expert."  Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass.

764, 775 (2008) (<u>Doe No. 89230</u>). The hearing examiner thus erred in denying the request for funds.[1]

The Sex Offender Registry Board (SORB) argues that the motion for funds could have been denied independently on the ground that status as an "emerging adult" is not a circumstance "special to" the petitioner because it is a category that could include all offenders aged eighteen to twenty years old. But this case is very much like <u>Doe, Sex Offender Registry Bd. No. 205614</u> v. <u>Sex Offender Registry Bd.</u>, 466 Mass. 594 (2013) (<u>Doe No. 205614</u>). That was the case in which the Supreme Judicial Court held that it was error to deny a female petitioner funds for an expert to explore whether and how the regulations' failure to take gender into account -- which, like

---

[1] The majority suggests that nothing in the analysis would have changed before the hearing examiner had Doe been a juvenile, and not an emerging adult when the offenses were committed. To begin with, without an expert opinion there is no reason to believe that one would opine that the proper approach to emerging adults is to treat them as though they were juveniles. Beyond that, to give just one example of a regulation relevant here that applies to juvenile offenders, but not emerging adults, juvenile offenders are entitled to have their classification level recommended by "a licensed psychologist or psychiatrist with special expertise in the assessment and evaluation of juvenile sex offenders." 803 Code Mass. Regs. § 1.06(5) (2016). Emerging adults are not. Likewise, where child victims are involved, "high-risk" factor 3, which "is indicative of a high risk of reoffense and degree of dangerousness," does not apply to juveniles, who instead are subject to "risk-elevating" factor 27. See 803 Code Mass. Regs. § 1.33(3), (27) (2016). Factor 3, though, does apply to emerging adults. 803 Code Mass. Regs. § 1.33(3).

"emerging adulthood" in this case, was not then yet considered by the regulations --affected her risk of reoffense. Id. at 595. Her status as a female of course would have been shared by all female offenders. Yet it was found "special to her" within the meaning of the case law. Id. at 609-610, quoting Doe No. 89230, 452 Mass. at 775. See Doe No. 205614, supra at 610 (petitioner's status as female is "a particular characteristic or condition peculiar to her that the guidelines do not appear to contemplate"). And, like the petitioner in Doe No. 205614, the petitioner may have his claim addressed in this case, his appeal, and need not bring it in a declaratory judgment action. Cf. ante at note 9.

The majority suggests that an expert was unnecessary because the hearing examiner explicitly took account of articles submitted by the petitioner. Ante at . But, as the hearing examiner explained in detail, those articles are actually not relevant to the risk-of-reoffense question at issue here, and they do not address anything the expert might have.

I note that whether expert funds should be allowed in this circumstance is a recurring issue, and at least one Superior Court decision has concluded that a board hearing examiner erred

in denying funds for an expert witness regarding brain

development in emerging adults as a factor in risk assessment.[2]

---

[2] See Doe, Sex Offender Registry Bd. No. 527714 vs. Sex Offender Registry Bd., Mass. Super. Ct., No. 2481CV01218 (Middlesex County Apr. 18, 2025).

I express no opinion on the 2025 revisions to the regulations, which are not applicable to this case, and which the majority describes as "expressly acknowledg[ing] the emerging adult issue." Ante at note 7. A preface to 803 Code Mass. Regs. § 1.33 of the 2025 regulations, which sets forth the risk factors, says,

> "[SORB] recognizes there is current scientific research regarding young adults at age 18, 19, 20 years old referred to as 'emerging adults' and that this population demonstrates issues with impulse control similar to individuals in late adolescence. For most individuals who engage in criminal behavior as emerging adults, they have a greater capacity to change than older adults (Steinberg & Scott, 2003)."

But there appears to be no change to the actual regulations in the 2025 version that address the issue of emerging adulthood.